Virginia Liu, Esq (SBN 312465)
SKYWHEEL LAW APC
660 Newport Center Drive, Suite 600
Newport Beach, CA 92660
T: 949-627-6886
E: info@skywheellaw.com

Attorney for Plaintiff
FANG FANG WU

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANG FANG WU,<br><br>    Plaintiff,<br><br>vs.<br><br>YINGLIAN HU, AN INDIVIDUAL; LIXIN LI, AN INDIVIDUAL; HL FAIRVIEW LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; SEA PALM, LLC A CALIFORNIA LIMITED LIABILITY COMPANY; AND DOES 1-20, INCLUSIVE,<br><br>    Defendants. | Adv. Case No.: 25-04049<br>Chapter 13 Case No. 25-42332<br>Alameda County Superior Court<br>Case No.: 23CV027935<br><br>**PLAINTIFF'S MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[CONCURRENTLY FILED WITH DECLARATION OF VIRGINIA LIU] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE THAT Plaintiff Fang Fang Wu hereby moves to REMAND this action to the Superior Court of the State of California, County of Alameda, pursuant to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). In the alternative, Plaintiff moves for remand on equitable grounds pursuant to 28 U.S.C. § 1452(b).

    This motion is made on the grounds that: (1) this action is based entirely on state law claims; (2) the action is merely "related to" the bankruptcy case and does not "arise under" or "arise in" a case under Title 11; (3) absent the bankruptcy, this action could not have been commenced in federal court due to the lack of diversity jurisdiction or federal question

jurisdiction; (4) the action was commenced in state court more than two years before the bankruptcy filing; and (5) the action can be timely adjudicated in the Alameda County Superior Court.

This motion is supported by the Memorandum of Points and Authorities below, and the Declaration of Virginia Liu filed concurrently.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order remanding this action to the Superior Court of California, County of Alameda.

Dated: January 6, 2026                                       SKYWHEEL LAW APC

                                                             _____
                                                             Virginia Liu, Esq
                                                             Attorney for Plaintiff
                                                             FANG FANG WU

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Fang Fang Wu respectfully moves this Court for an order remanding this action to the Superior Court of California, County of Alameda, from which it was improperly removed. This state law action was commenced on February 15, 2023—more than two years before Defendant Ying Lian Hu filed for Chapter 13 bankruptcy protection. Defendants removed this case on December 18, 2025, based solely on alleged "related to" jurisdiction under 28 U.S.C. § 1334.

Remand is required for three independent reasons. First, mandatory abstention under 28 U.S.C. § 1334(c)(2) compels remand because all seven statutory elements are satisfied. Second, even if "related to" jurisdiction exists, equitable considerations overwhelmingly favor remand. Third, there is no independent basis for federal jurisdiction—no diversity of citizenship and no federal question—meaning this case could never have been in federal court absent the bankruptcy filing.

## II. STATEMENT OF FACTS

### A. The State Court Action

On February 15, 2023, Plaintiff Fang Fang Wu commenced this action in the Superior Court of California, County of Alameda, entitled *Fang Fang Wu v. Ying Lian Hu et al.*, Case No. 23CV027935. The operative First Amended Verified Complaint asserts seven causes of action arising exclusively under California state law: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Unjust Enrichment; (5) Fraud/Misrepresentation; (6) Accounting; and (7) Quiet Title.

This case arises from Defendants' breach of contract, breach of fiduciary duties, and fraudulent activity in connection with certain real estate investment transactions. Plaintiff alleges that she entered into investment agreements with Defendants regarding real property located in Alameda County, California, and that Defendants breached those agreements, made material misrepresentations, and improperly diverted funds and property for their own benefit.

### B. The Parties Are All California Residents

All parties to this action are California citizens:

- Plaintiff Fang Fang Wu is an individual residing in Contra Costa County, California.
- Defendant Ying Lian Hu is an individual residing in Alameda County, California.
- Defendant Lixin Li is an individual residing in Alameda County, California.
- Defendant HL Fairview LLC is a California limited liability company with its principal place of business in Alameda County, California.
- Defendant Sea Palm, LLC is a California limited liability company with its principal place of business in Alameda County, California.

The real property at issue in this litigation is located in California. The contracts giving rise to this dispute were executed in California.

### C. The Bankruptcy Filing and Removal

Defendant Ying Lian Hu filed for Chapter 13 bankruptcy protection in 2025, Case No. 25-42332, more than two years after this state court action was commenced. On December 18, 2025, Defendants filed a Notice of Removal, removing this action to this Court based solely on alleged "related to" jurisdiction under 28 U.S.C. § 1334.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id.

On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

## IV. ARGUMENT

### A. Mandatory Abstention Requires Remand Under 28 U.S.C. § 1334(c)(2)

The doctrine of mandatory abstention is set forth in 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Remand is required pursuant to mandatory abstention upon satisfaction of the following conditions: (1) a timely motion to remand; (2) a purely state law question; (3) a non-core proceeding; (4) a lack of independent federal jurisdiction absent the petition under title 11; (5) that an action was commenced in a state court; (6) the state court action may be timely adjudicated; and (7) a state forum of appropriate jurisdiction exists. *In re GACN, Inc.*, 555 B.R. 684, 693 (B.A.P. 9th Cir. 2016) (citing *In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (B.A.P. 9th Cir. 2001)).

All seven elements are satisfied here.

#### 1. This Motion Is Timely

Plaintiff has filed this motion to remand within the applicable time period following removal. This element is satisfied.

#### 2. The Claims Are Based Purely on State Law

All seven causes of action in the First Amended Verified Complaint arise exclusively under California state law: breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, unjust enrichment, fraud/misrepresentation, accounting, and quiet title. None of these claims arise under the Bankruptcy Code or any other federal statute. This element is satisfied.

### 3. This Is a Non-Core Proceeding

Proceedings "arising in" bankruptcy cases are generally referred to as "core proceedings," and essentially are proceedings that would not exist outside of bankruptcy, such as matters concerning the administration of the estate, orders to turn over property of the estate, and proceedings to determine, avoid, or recover preferences. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005).

Plaintiff's claims are garden-variety state law claims for breach of contract, fraud, and quiet title that existed and were pending in state court long before any bankruptcy was filed. These claims would exist regardless of the bankruptcy and are plainly non-core proceedings. Defendants do not and cannot contend otherwise. This element is satisfied.

### 4. There Is No Independent Federal Jurisdiction

Absent the bankruptcy filing, this case could not have been commenced in federal court. There is no diversity jurisdiction because all parties—Plaintiff Wu, Defendants Hu, Li, HL Fairview LLC, and Sea Palm LLC—are California citizens. There is no federal question jurisdiction because all claims arise under California state law. This element is satisfied.

### 5. The Action Was Commenced in State Court

This action was commenced in the Superior Court of California, County of Alameda, on February 15, 2023—more than two years before the bankruptcy filing. This element is satisfied.

### 6. The Action Can Be Timely Adjudicated in State Court

This case has been pending in state court for nearly three years. The Alameda County Superior Court is fully capable of timely adjudicating these straightforward state law claims for breach of contract, fraud, and quiet title. California state courts routinely and efficiently handle such matters. This element is satisfied.

### 7. A State Forum of Appropriate Jurisdiction Exists

The Superior Court of California, County of Alameda, has full and appropriate jurisdiction over all claims asserted in this action. Venue is proper because the contracts at issue were entered into in Alameda County, the real property at issue is located in Alameda County,

and Defendants reside or have their principal places of business in Alameda County. This element is satisfied.

Because all seven elements of mandatory abstention are satisfied, remand is required under 28 U.S.C. § 1334(c)(2).

### B. Equitable Considerations Overwhelmingly Favor Remand

Even if mandatory abstention did not apply, this Court should exercise its discretion to remand on equitable grounds. When a civil claim or cause of action is removed to bankruptcy court, the court may remand the claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b). This standard "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." Courts have "broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996); 28 U.S.C. § 1334(c)(1).

Section 1452(b) provides "an unusually broad grant of authority" and "any one of the relevant factors may provide a sufficient basis for equitable remand." *McCarthy v. Prince*, 230 B.R. 414, 418 (B.A.P. 9th Cir. 1999).

In determining whether an equitable ground for remand exists, courts consider the following factors. *In re Cedar Funding, Inc.*, 419 B.R. 807, 818 (B.A.P. 9th Cir. 2009); *In re Tucson Estates*, 912 F.2d 1162 (9th Cir. 1990). Application of these factors demonstrates that equitable remand is warranted.

### 1. Effect on the Administration of the Bankruptcy Estate

This factor favors remand. The claims in this action existed and were actively litigated for more than two years before the bankruptcy was filed. The outcome of this state law dispute will have minimal effect on the administration of the bankruptcy estate. The claims concern a pre-petition contract dispute and real property interests that predate the bankruptcy.

///

///

///

## 2. State Law Issues Predominate

This factor strongly favors remand. All seven causes of action arise exclusively under California state law. There are no bankruptcy issues to adjudicate. California contract law, fraud law, and quiet title law will govern the resolution of all claims.

## 3. Difficulty or Unsettled Nature of Applicable Law

This factor favors remand. The applicable California law governing breach of contract, fiduciary duty, fraud, and quiet title is well-established. California state courts have extensive experience applying these legal principles. No specialized bankruptcy expertise is required.

## 4. Presence of Related Proceeding in State Court

This factor strongly favors remand. This action has been pending in Alameda County Superior Court since February 2023. The state court is familiar with the parties, the claims, and the procedural history of this case.

## 5. Jurisdictional Basis Other Than § 1334

This factor strongly favors remand. There is no jurisdictional basis other than § 1334. No diversity exists, and no federal question is presented.

## 6. Degree of Relatedness to the Bankruptcy Case

This factor favors remand. The connection between this state law dispute and the bankruptcy is remote. The claims arose from investment agreements and alleged fraud that occurred years before the bankruptcy was filed. The state court action itself predates the bankruptcy by more than two years.

## 7. Substance Rather Than Form of "Core" Proceeding

This factor favors remand. This is unquestionably a non-core proceeding. The claims would exist and be fully adjudicable regardless of any bankruptcy filing.

## 8. Feasibility of Severing State Law Claims

This factor favors remand. There are no federal or bankruptcy claims to sever. All claims are state law claims that can be fully and finally adjudicated in state court.

///

///

### 9. Burden on the Bankruptcy Court's Docket

This factor favors remand. Retaining jurisdiction over this non-core, state law dispute would unnecessarily burden this Court's docket with matters better suited for resolution in state court.

### 10. Forum Shopping

This factor strongly favors remand. Defendants filed for bankruptcy and then removed this nearly three-year-old state court action. The timing suggests that removal is a litigation tactic designed to delay resolution of claims that have been pending in state court since 2023.

### 11. Right to Jury Trial

This factor strongly favors remand. Plaintiff is entitled to a jury trial on her claims. *Williams v. Shell Oil Co.*, 169 B.R. 684, 693 (S.D. Cal. 1994). Courts have granted equitable remand solely on the basis of a party's entitlement to a jury trial when the action is a non-core proceeding.

### 12. Presence of Non-Debtor Parties

This factor favors remand. Co-defendants Lixin Li, HL Fairview LLC, and Sea Palm LLC are not debtors in bankruptcy.

### 13. Comity

This factor strongly favors remand. Principles of comity dictate that California state courts should decide disputes arising under California law involving California residents and California real property.

### 14. Prejudice to Parties

This factor strongly favors remand. Plaintiff will be prejudiced by having to litigate claims that have been pending for nearly three years in state court in a new forum. Remand will allow this case to proceed in its natural venue without further delay.

The overwhelming weight of these factors supports equitable remand.

///

///

///

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order remanding this action to the Superior Court of California, County of Alameda.

Dated: January 6, 2026

SKYWHEEL LAW APC

_____
Virginia Liu, Esq
Attorney for Plaintiff
FANG FANG WU