1  Virginia Liu, Esq (SBN 312465)
   SKYWHEEL LAW APC
2  660 Newport Center Drive, Suite 600
   Newport Beach, CA 92660
3  T: 949-627-6886
4  E: info@skywheellaw.com

5  Attorney for Plaintiff
   FANG FANG WU
6

7

8             UNITED STATES BANKRUPTCY COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 FANG FANG WU,                        Adv. Case No.: 25-04049
                                        Chapter 13 Case No. 25-42332
12             Plaintiff,               Alameda County Superior Court
                                        Case No.: 23CV027935
13 vs.

14 YINGLIAN HU, AN INDIVIDUAL; LIXIN    **DECLARATION OF VIRGINIA
   LI, AN INDIVIDUAL; HL FAIRVIEW LLC,  LIU IN SUPPORT OF
15 A CALIFORNIA LIMITED LIABILITY       PLAINTIFF'S MOTION TO
   COMPANY; SEA PALM, LLC A             REMAND**
16 CALIFORNIA LIMITED LIABILITY
   COMPANY; AND DOES 1-20, INCLUSIVE,
17

18             Defendants.

19

20 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21        I, Virginia Liu, declare as follows:

22        1.      I am an attorney licensed to practice law in the State of California, State Bar

23 Number 312465. I am the principal of Skywheel Law APC and counsel of record for Plaintiff

24 Fang Fang Wu in this action. I have personal knowledge of the facts set forth in this declaration,

25 except as to those matters stated on information and belief, and as to those matters, I believe

26 them to be true. If called as a witness, I could and would competently testify thereto.

27        2.      I submit this declaration in support of Plaintiff's Motion to Remand.

28 ///

                                        1

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 1 of 85
Doc ID: ec2b429414a957959d296535fd40982539cb6a70

**The State Court Action**

3.      On February 15, 2023, Plaintiff Fang Fang Wu filed a complaint in the Superior Court of California, County of Alameda, entitled *Fang Fang Wu v. Ying Lian Hu et al.*, Case No. 23CV027935. The First Amended Complaint was filed on April 4, 2023. Attached hereto as **Exhibit A** is a true and correct copy of the First Amended Verified Complaint filed in the Alameda County Superior Court action.

4.      The First Amended Verified Complaint asserts seven causes of action: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Unjust Enrichment; (5) Fraud/Misrepresentation; (6) Accounting; and (7) Quiet Title.

**The Parties**

6.      Based on the First Amended Verified Complaint, Plaintiff Fang Fang Wu is an individual residing in Contra Costa County, California.

7.      Based on the Defendants' Verified Answer to the First Amended Complaint, Defendant Ying Lian Hu is an individual residing in Alameda County, California.

8.      Based on the Defendants' Verified Answer to the First Amended Complaint, Defendant Lixin Li is an individual residing in Alameda County, California.

9.      Based on my review of records filed with the California Secretary of State, Defendant HL Fairview LLC is a California limited liability company.

10.     Based on my review of records filed with the California Secretary of State, Defendant Sea Palm, LLC is a California limited liability company.

**The Bankruptcy Filing and Removal**

11.     On December 18, 2025, Defendants filed a Notice of Removal, removing this action from the Alameda County Superior Court to this Court. Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Removal.

12.     In the Notice of Removal, Defendants state that removal is based on 28 U.S.C. § 1452(a) and the "related to" jurisdiction provisions of 28 U.S.C. § 1334.

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 2 of 85

13. Based on my review of the bankruptcy court docket, Defendant Ying Lian Hu filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court, Case No. 25-42332.

**State Court Proceedings**

14. Based on my review of the Alameda County Superior Court docket, this action was pending in the Alameda County Superior Court from February 15, 2023 until the December 18, 2025 removal—a period of approximately two years and ten months.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 6, 2026, in Newport Beach, California.

_____
Virginia Liu, Esq

Case: 25-04049    Doc# 9-1    Filed: 01/06/26    Entered: 01/06/26 18:27:30    Page 3 of 85
DECLARATION OF VIRGINIA LIU IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
Doc ID: ec2b429414a957959d296535fd40982539eb6a70

# Exhibit A

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
04/04/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Chan Huang _____ Deputy

James Cai (SBN 200189)
jcai@sacattorneys.com
Brian Barnhorst (SBN 130292)
bbarnhorst@sacattorneys.com
Woody Wu (SBN 309317)
wwu@sacattorneys.com
SAC Attorneys, LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff Fang Fang Wu

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| Fang Fang Wu,<br><br>       Plaintiff,<br><br>v.<br><br>Yinglian Hu, an individual; Lixin Li, an individual; HL Fairview LLC, a California limited liability company;  Sea Palm, LLC a California limited liability company; and DOES 1-20, inclusive,<br><br>       Defendants. | Case No.: 23cv027935<br><br>**FIRST AMENDED VERIFIED COMPLAINT**<br><br>**[UNLIMITED JURISDICTION]** |

Plaintiff Fang Fang Wu (hereinafter "Wu" or "Plaintiff") alleges as follows:

### INTRODUCTION

1.   This case arises from the Defendants' breach of contract, breach of their fiduciary duties owed to Plaintiff, and fraudulent activity/misrepresentation in certain agreements with Plaintiff with regard to real estate investment transactions.

### PARTIES

2.   Plaintiff Wu is, and at all times herein mentioned an individual living in Contra Costa County, California.

3.     Defendant Yinglian Hu (hereinafter "Hu"), is an individual that is believed to work and reside in Alameda County, California. Plaintiff is informed and believes, and thereon alleges Hu is the manager who controls HL Fairview LLC and Sea Palm, LLC.

4.     Defendant Lixin Li (hereinafter "Li"), is an individual that is believed to work and reside in Alameda County, California. Plaintiff is informed and believes, and thereon alleges Li is the husband of Yinglian Hu and is the co-manager who also controls HL Fairview LLC and Sea Palm, LLC.

5.     Defendant HL Fairview LLC (hereinafter "HL Fairview") is a California limited liability company, Plaintiff is informed and believes, and thereon alleges, HL Fairview's principal place of doing business is located in Alameda County, California.

6.     Defendant Sea Palm, LLC (hereinafter "Sea Palm") is a California limited liability, Plaintiff is informed and believes, and thereon alleges, Sea Palm's principal place of doing business is located in Alameda County, California.

7.     Plaintiff is informed and believes, and thereon alleges, that, at all times relevant hereto, Defendants, and each of them, were agents, servants, joint venturers, partners, employees and/or co-conspirators of the other Defendants named herein and that, at all times relevant hereto, each of the Defendants was acting within the course and scope of said relationship with said Defendants.

8.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue these Defendants by their fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitious named Defendants, Does 1 through 20, is responsible for the acts and omissions alleged herein, and/or otherwise liable to Plaintiff for payment of damages as alleged in this Statement. Plaintiff will amend this Statement to allege their true names and capacities when ascertained.

### Jurisdiction

9.     Plaintiffs incorporate the allegations of Paragraphs 1 through 8, infra, into this Paragraph as if fully set forth herein.

*Fang Fang Wu v. Yinglian Hu, et al.*
First Amended Verified Complaint – Page 2

10. This Court has jurisdiction over HL Fairview and Sea Palm because both of them were registered in California and its principal places of doing business in this State. Specifically, HL Fairview and Sea Palm have purposefully availed themselves of the marketplace in California by entering into business agreements governing activities in this State in Alameda County.

11. This Court has jurisdiction over individual Defendants, Hu and Li, because they are residents living or they have engaged in business giving rise to this Complaint in Alameda County, California.

## VENUE

12. Plaintiffs incorporate the allegations of Paragraphs 1 through 11, infra, into this Paragraph as if fully set forth herein.

13. Venue is proper because the contracts giving rise to the Complaint were entered into in this county, and the Defendants' residence or principal places of doing business are in this county.

## Alter Ego

14. Plaintiff incorporates the allegations of Paragraphs 1 through 13, infra, into this Paragraph as if fully set forth herein.

15. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant Hu, Li and Does 1 through 20 were and are officers, directors, managers, members and/or shareholders of Defendants HL Fairview and Sea Palm.

16. Plaintiff is informed, believes, and thereon alleges that Hu and Li dominated and controlled HL Fairview and Sea Palm including but not limited to the following:

a) commingled funds and other assets of HL Fairview and Sea Palm with the funds and other assets of themselves for their own convenience by placing HL Fairview's and Sea Palm's assets in their names and/or the names of other parties in order to evade payments of their obligations owed to Plaintiff and to assist in evading payment of said obligations;

*Fang Fang Wu v. Yingtian Hu, et al.*
First Amended Verified Complaint – Page 3

b) diverted funds and other assets of HL Fairview and Sea Palm to other than corporate uses;

c) concealed and misrepresented the identity of the responsible ownership, management and financial interest of HL Fairview and Sea Palm;

d) treated the assets of HL Fairview and Sea Palm as their own;

e) diverted assets from HL Fairview and Sea Palm to themselves, to the detriment of creditors;

f) caused HL Fairview and Sea Palm not to have sufficient corporate assets;

g) under-capitalized HL Fairview and Sea Palm;

h) used HL Fairview and Sea Palm as a mere shell, instrumentality, or conduit for their fraudulent activities;

i) conceived, intended and used HL Fairview and Sea Palm as a device to avoid personal liability and for the purpose of substituting a financially insolvent entity in place of themselves, jointly and separately;

j) used the corporate identity of HL Fairview and Sea Palm as concealment or misrepresentation of personal business activities; and

k) disregarded the legal formalities of HL Fairview and Sea Palm.

17. Plaintiff is informed, believes, and thereon alleges that Hu and Li are each the alter ego for HL Fairview and Sea Palm.

18. Plaintiff is informed, believes, and thereon alleges that Hu is liable for the acts of HL Fairview and Sea Palm as alleged in this Complaint as her alter ego, and that recognition of the privilege of separate corporate existence would promote injustice.

19. Plaintiff is informed, believes, and thereon alleges that Li is liable for the acts of HL Fairview and Sea Palm as alleged in this Complaint as his alter ego, and that recognition of the privilege of separate corporate existence would promote injustice.

20.     Plaintiff incorporates the allegations of Paragraphs 1 through 19, infra, into this Paragraph as if fully set forth herein.

21.     In or about September 2016, Plaintiff was initially introduced to Li and Hu, husband and wife, through a mutual friend Rona Wang.

22.     Hu and Li solicited Plaintiff to invest about **One Million Two Hundred Thousand Dollars (US$1,200,000)** (Eight Hundred Thousand Dollars (US$800,000) on or about October 27, 2016, Two Hundred Thousand Dollars (US$200,000) on or about October 28, 2016, and Two Hundred Thousand Dollars (US$200,000) in or about December 8, 2016) with their entity Sea Palm LLC to purchase real properties in the San Francisco Bay Area, remodel and then sell them for profit (known as "house flipping").

23.     Li misrepresented to Plaintiff that he was a licensed contractor with very successful history of house flipping.

24.     Hu and Li promised to give 30% of profit that Sea Palm generated in house flipping to Plaintiff but never performed any accounting of it.

25.     After Plaintiff invested with Sea Palm, Hu and Li flipped about four (4) houses and accumulated some profit of unknown amount, of which Plaintiff is entitled to 30%, but Plaintiff only received One Hundred Thousand Dollars (US$100,000).

26.     In or about November, 2016, Defendants Hu and Li told Plaintiff that they had found a great investment opportunity, a parcel of 4 acres of land on a hillside slope in Hayward, California, commonly known as 24830 Fairview Avenue, Hayward, California (APN 417-0270-006-00 and 417-0270-003-00) (hereinafter, the "Down-hill Parcel"), the full legal description of which is attached on **Exhibit 1** attached to the Complaint.

27.     Defendants Hu and Li represented to Plaintiff that they already purchased a neighboring parcel of 10 acres of land on the upperside commonly known as 000 Fairview Avenue, Hayward, California (APN 417-0270-009 and 417-0260-004) (hereinafter, the "Up-hill Parcel"), the full legal description of which is attached on **Exhibit 2** attached to the Complaint.

28.     Hu and Li promised to Wu that if she could contribute One Million Dollars (US$1,000,000), she would be considered as their joint venturer with 20% profit sharing to develop both Up-hill and Down-hill Parcels as one project, which they represented could be subdivided into 27 single family homes which could be sold with tens of millions of profit upon completion.

29.     Although very interested, Plaintiff was concerned about the complexity of the project and questioned the experience and capacity of Hu and Li, who did not even have high school education, with limited English language proficiency, and had never taken on a subdivision and contruction project of this size in the United States.

30.     To address Plaintiff's concerns, Hu and Li represented to her that they had assembled a professional team to assist them, including an experienced real attorney.

31.     On or about February 8, 2017, HL Fairview LLC and Lixin Li on one hand, Plaintiff on the other hand, entered into a Hayward Land Development Capital Increase Agreement, a copy of which is attached on **Exhibit 3** (the "Capital Increase Agreement")

32.     According to the Capital Increase Agreement, Plaintiff was to invest One Million Dollars (US$1,000,000) in HL Fairview LLC as purchase price to purchase the Down-hill Parcel. In exchange, Plaintiff will hold 20% of HL Fairview LLC (based on a combined valuation of Five Million Dollars (US$5,000,000) for both Up-hill and Down-hill Parcels as represented by Hu and Li to the Plaintiff).

33.     First traunch of Four Hundred Thousand Dollars (US$400,000) would be transferred from Plaintiff's investment in Sea Palm LLC to HL Fairview LLC.

34.     Second traunch of Four Hundred Thousand Dollars (US$400,000) investment will be transferred from Plaintiff's investment in Sea Palm LLC to HL Fairview LLC upon completion of a house-flipping project at 1683 Paseo Del Cajon, Pleasanton, CA 94566.

35.     Third traunch of Two Hundred Thousand Dollars (US$200,000) would be new money that Plaintiff would invest in HL Fairview LLC.

36.     According to the Capital Increase Agreement (Provision 7), the total costs of subdivision after October 27, 2016, including closing costs, RJA reports, ERI report, architect

planning, application fees to be paid to the city, attorneys' fees, borker payment, office rental, assistant payment, school fees, fire protection payment, city policy payment as well as all unexpected costs will be allocated between Lixin Li (80%) and Plaintiff (20%).

37. According to the Capital Increase Agreement (Provision 8), Lixin Li agreed to collect and well keep the records for all the costs of subdivision.

38. After the the Capital Increase Agreement was signed and all three traunches of investment were made by Plaintiff, Hu and Li effectively forced her to put in another Three Hundred Thousand Dollars (US$300,000) to cover Phase I subdivision costs (US$200,000 from Plaintiff's investment in Sea Palm LLC without Plaintiff's consent or knowledge, eventhough Plaintiff repeatedly requested for accounting, and US$100,000 as new money from Plaintiff which Plaintiff consented).

39. In total, Plaintiff gave Hu and Li One Million Three Hundred Thousand Dollars (US$1,300,000) to invest in HL Fairview to develop the combined Up-hill and Down-hill Parcels (the "Project").

40. After receiving funds from Plaintiff, Hu and Li refused to provide any information regarding the progress and expenses incurred in the Project or any evidence of Plaintiff's ownership in either the Parcels or HL Fairview LLC.

41. On or about April 20, 2019, Rona Wang, Plaintiff's friend who introduced her to Hu and Li, told Plaintiff that she saw the Up-hill and Down-hill Parcels were lised for sale for Four Million Nine Hundred Thousand Dollars (US$4,900,000).

42. Plaintiff confronted with Hu and Li, and it was only then she was told the subdivision process had been abandoned, the professionals such as real estate attorney was disengaged, and the Down-hill Parcel and Up-hill Parcel were listed for sale.

43. Plaintiff demanded financial books and records of HL Fairview LLC so she could review the total costs and liabilities incurred, but was rejected by Hu and Li. She requested her K-1 statement to be issued so she can properly file her tax returns, to no avail.

44. Plaintiff requested that her 20% ownership in HL Fairview LLC be finalized, or she be put on the title of both Up-hill and Down-hill Parcels, all to no avail.

*Fang Fang Wu v. Yingtian Hu, et al.*
First Amended Verified Complaint – Page 7

45.     Plaintiff demanded Hu and Li to provide evidence that they, as 80% owner of HL Fairview LLP, have put in at least One Million Two Hundred Thousand Dollars (US$1,200,000) to cover the Phase I costs in proportion to Plaintiff's contribution of Three Hundred Thousand Dollars (US$300,000) as 20% owner. Hu and Li refused to provide any such evidence.

46.     Shortly thereafter, Covid-19 pandenmic broke out and Plaintiff had to stay in China to care for her family.

47.     Upon return to US in January 2023, Plaintff found out, through her attorney and to her surprise, that Hu and Li had got a secured loan for Eight Hundred Thousand Dollars (US$800,000) on or about March 19, 2020 from a group of investors pledging the Down-hill Parcel as collateral.

48.     Since the subdivision Project was abandoned in 2019, Plaintiff has good reasons to believe that Hu and Li pocketed to the entire Eight Hundred Thousand Dollars (US$800,000) loan proceeds to themselves, without ever informating the Plaintiff.

49.     In the same month, on or about January 13, 2023, Hu and Li listed the Up-hill Parcel for sale for One Million Five Hundred Thousand Dollars (US$1,500,000), again without informing the Plaintiff.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (AGAINST DEFENDANTS HU, LI AND HL FAIRVIEW)

50.     Plaintiffs incorporate paragraphs 1-49 as though fully set forth herein.

51.     According to the Captial Increase Agreement, Provision 2, Plaintiff, after investing One Million Dollars (US$1,000,000) would own 20% of HL Fairview LLC which in turn should hold both Up-hill and Down-hill Parcels combined.

52.     According to the Captial Increase Agreement, Provision 7, Defendants Hu and Li were to cover 80% of all costs and expenses associated with subdivision of both Up-hill and Down-hill Parcels.

53.     According to the Captial Increase Agreement, Provision 8, Lixin Li agreed to collect and well keep the records for all the costs of subdivision.

54.     Defendants Hu and Li, as alter egos of each other and HL Fairview LLC, breached the Capital Increase Agreement by (1) failing to formalize Plaintiff's 20% ownership interest in HL Fairview LLC, the Up-hill Parcel or the Down-hill Parcel, (2) failing to contribute their fair share of subdivision costs in the amont of One Million Two Hundred Thousand Dollars (US$1,200,000) before abandoning the Project, without accounting to Plaintiff, and (3) failing to keep good financial records of the subdivision costs.

55.     Plaintiff has performed all her obligations under the Capital Increase Agreement, except those unable, unpractical or excused to be performed.

56.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages to be proven at trial, but in no case less than One Million Three Hundred Thousand Dollars (US$1,300,000).

        WHEREFORE, Plaintiffs pray for judgment against the Defendants as more fully set forth below.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

### (AGAINST DEFENDANTS YINGLIAN HU AND LIXIN LI)

57.     Plaintiffs incorporate paragraphs 1- 56 as though fully set forth herein.

58.     As Plaintiff entered a joint venture arrangement with Hu and Li to subdivide both the Up-hill and Down-hill Parcels, Hu and Li owe Plaintiff a fiduciary duty of utmost care.

59.     Defendants Hu and Li breached their fiduciary duty by (1) abandoning the Project and disengaging the associated professionals; (2) not contributing their fair share of the development costs; (3) not keeping good records of costs and records, and refusing to share with Plaintiff any information about the development; (4) taking out a loan using the Down-hill Parcel as collateral, for their own benefit; (5) listing the Up-hill Parcel for sale without informing Plaintiff.  Had Hu and Li invested their fair share of development costs, both Parcels would have been properly subdivided by now.

60. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has incurred damages to be proven at trial, but in no case less than One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs pray for judgment against the Defendants as more fully set forth below.

### THIRD CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

### (AGAINST DEFENDANTS HU, LI AND HL FAIRVIEW)

61. Plaintiffs incorporate paragraphs 1-60 as though fully set forth herein.

62. The Capital Increase Agreement contained an implied covenant of good faith and fair dealing.

63. The Capital Increase Agreement obligated Defendants to perform its terms and conditions fairly and in good faith and to refrain from doing any act that would deprive Plaintiff of the benefits of the agreement.

64. Plaintiff has performed her duties and conditions by making capital contributions to HL Fairview LLC.

65. Defendants Hu, Li and their alter ego HL Fairview LLC knew that Plaintiff had fulfilled her duties and conditions under the Capital Increase Agreement, but have refused to fulfill their obligations to contribute their fair share of the development costs and disengaging professionals that were needed for the subdivision applications. Instead they abandoned the Project, took out Eight Hundred Thousand Dollars (US$800,000) loan for their own benefit and listed the Up-hill Parcel for sale, for their own benefit. Defendant thus breached the implied covenant of good faith and fair dealing under the Guarantee, as more fully set forth above.

66. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has incurred damages to be proven at trial, but in no case less than One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs pray for judgment against the Defendants as more fully set forth below.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (AGAINST DEFENDANTS HU AND LI)

67. Plaintiffs hereby incorporate paragraphs 1-66 as though fully set forth herein.

68. As stated above, after abandoning the Project, Hu and Li obtained a secured loan with the Down-hill Parcel and pocketed Eight Hundred Thousand Dollars (US$800,000) loan proceeds for their own benefit without informing or accounting to Plaintiff.

69. By their wrongful acts and omissions, the Defendants were unjustly enriched at the expense of and to the detriment of the Plaintiff. These benefits were accepted by Defendants under such circumstances that it would be inequitable for them to be retained without payment.

70. Plaintiff seeks restitution from the Defendants, and each of them, and seeks an order from this Court disgorging all profits, benefits, and other compensation obtained by Defendants for their wrongful conduct in this matter.

WHEREFORE, Plaintiffs prays for judgment against the Defendants as more fully set forth below.

## FIFTH CAUSE OF ACTION

## FRAUD/MISREPRESENTATION

### (AGAINST DEFENDANTS HU, LI AND HL FAIRVIEW)

71. Plaintiff hereby incorporates paragraphs 1-70 as though fully set forth herein.

72. During the solicitation of Plaintiff's investment in HL Fairview LLC on or about February 8, 2017, Defendants Hu and Li, through their alter ego HL Fairview LLC, made substantial mispresentations and concealed material facts, including but not limited to, (1) that Hu was an experienced general contractor duly licensed by California State License Board (CSLB); (2) the vastly inflated valuation of the Up-hill and Down-hill parcels; (3) that Hu and Li were willing, ready and able to contribute One Million Two Hundred Thousand Dollars (US$1,200,000) towards the development of both Parcels.

73. In reasonable reliance and as a direct and proximate result of Defendants Hu's and Li's substantial mispresentations and concealed material facts, Plaintiff entered into joint

*Fang Fang Wu v. Yinghan Hu, et al.*
First Amended Verified Complaint – Page 11

venture arrangement with them and invested One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs prays for judgment against the Defendants as more fully set forth below.

**SIXTH CAUSE OF ACTION**

**ACCOUNTING**

**(AGAINST ALL DEFENDANTS)**

74. Plaintiff hereby incorporates paragraphs 1-73 as though fully set forth herein.

75. Through their course of dealing, Defendants Hu and Li, and their alter egos HL Fairview and Sea Palm LLC, owe Plaintiff a duty of accounting.

WHEREFORE, Plaintiffs prays for judgment against the Defendants as more fully set forth below.

**SEVENTH CAUSE OF ACTION**

**QUIET TITLE**

**(AGAINST DEEFENDANTS HU, LI AND HL FAIRVIEW)**

76. Plaintiff hereby incorporates paragraphs 1-79 as though fully set forth herein.

77. In light of the refusal by Hu and Li to recognize Plaintiff as a 20% owner of HL Fairview LLC, and by virtue of the foregoing facts, Plaintiff is entitled to a judicial declaration that Plaintiff is the 20% co-owner of both the Up-hill and Down-hill Parcels in fee.

78. As alleged herein, Plaintiff is informed and believes, and, on that basis, alleges that Defendants Hu, Li and their alter ego HL Fairview claim entire ownership of the Up-hill and Down-hill Parcels.

79. Accordingly, Plaintiff seeks to quiet title to the Up-hill and Down-hill Parcels with 20% ownership in Plaintiff's name as tenant in common as of the date of this Complaint.

**PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:**

1. For damages in a sum of $1,300,000

2.   For prejudgment and post judgment interest on damages at the prevailing legal rate;

3.   For costs of suit incurred herein;

4.   Awarding appropriate equitable relief, if applicable;

5.   Awarding punitive damages at the maximum amount permitted by law;

6.   Awarding restitution, disgorgement of all illicit proceeds generated as a result of the wrongful conduct alleged herein, for at least $1,300,000;

7.   That the Court enjoin Defendants Hu, Li and HL Fairview LLC from selling, encumbering or disposing of the Up-hill and Down-hill Parcels;

8.   For reasonable attorneys' fees to the extent permitted by law; and

9.   For such other and further relief as the court may deem proper.

Dated:  April 4, 2023          SAC ATTORNEYS, LLP

By: _____

James Cai, Esq.
Woody Wu, Esq.
Brian Barnhorst, Esq.
Attorneys for Plaintiff Fang Fang Wu

*Fang Fang Wu v. Yinghan Hu, et al.*
First Amended Verified Complaint – Page 13

**VERIFICATION**

I, Fang Fang Wu, have reviewed the foregoing FIRST AMENDED VERIFIED COMPLAINT in Wu v. Hu, et al., and know its contents.

I certify that the same is true of my knowledge, except as to the matters which are therein stated to be on information or belief, and, as to those matters, I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 4, 2023, in Danville, California.

_____
Fang Fang Wu

Case: 25-04049    Doc# 9-1    Filed: 01/06/26    Entered: 01/06/26 18:27:30    Page 18 of 85

# EXHIBIT 1

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

For APN/Parcel ID(s): 417-0270-006-00 and 417-0270-003-00

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HAYWARD, COUNTY OF ALAMEDA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

A PORTION OF THE 17.64 ACRE PARCEL OF LAND DESCRIBED IN THE DEED BY MANUEL CAETONO SOUZA TO DOMINGOS COELHO SOUZA, DATED JUNE 27, 1923, RECORDED MAY 24, 1928 IN BOOK 1871 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 180, RECORDER'S SERIES Y/37617, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERN LINE OF COUNTY ROAD NO. 2042, KNOWN AS FAIRVIEW AVENUE, DISTANT THEREON SOUTH 79°50' EAST 222 FEET FROM THE NORTHWESTERN LINE OF SAID 17.64 ACRE PARCEL; AND RUNNING THENCE NORTH 21°13'22" EAST 210.57 FEET TO A POINT ON SAID NORTHWESTERN LINE, DISTANT THEREON NORTH 61°56'30" EAST 334 FEET FROM SAID LINE OF FAIRVIEW AVENUE; THENCE ALONG SAID NORTHWESTERN LINE NORTH 61°56'30" EAST 123.77 FEET; THENCE SOUTH 76°39" EAST 164.73 FEET; THENCE SOUTH 17°43' WEST 307.85 FEET TO SAID LINE OF FAIRVIEW AVENUE; THENCE ALONG THE LAST MENTIONED LINE NORTH 71°40' WEST 218.84 FEET, AND NORTH 79°50' WEST 45.02 FEET TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION CONVEYED IN THE DEED TO ANTHONY LOPES ET AL DATED FEBRUARY 29, 1956 AND RECORDED MARCH 5, 1956 IN BOOK 7954, OFFICIAL RECORDS, PAGE 171.

ALSO EXCEPTING THEREFROM THOSE PORTIONS CONVEYED IN THE DEED TO ANTHONY LOPES AND KATHERINE LOPES, HIS WIFE, DATED DECEMBER 16, 1963 AND RECORDED DECEMBER 18, 1963 IN BOOK 1074, OFFICIAL RECORDS, PAGE 579.

PARCEL TWO:

PARCEL A:

A PORTION OF THE 17.64 ACRE TRACT OF LAND DESCRIBED IN DEED FROM MANUEL ROGERS AND FRANCES ROGERS, HIS WIFE, TO MANUEL CAETONO SOUZA, DATED FEBRUARY 26, 1923 AND RECORDED MARCH 5, 1923, UNDER RECORDER'S SERIES NO. T/ 13804, IN BOOK 380 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 226, DESCRIBED AS FOLLOWS:

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHERN LINE OF FAIRVIEW AVENUE.

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHERN LINE OF FAIRVIEW AVENUE, ALSO KNOWN AS COUNTY ROAD NO. 2042, WITH THE NORTHWESTERN LINE OF SAID 17.64 ACRE TRACT; RUNNING ALONG THE SAID LINE OF FAIRVIEW AVENUE THE TWO FOLLOWING COURSES AND DISTANCES: SOUTH 79°50' EAST 267.02 FEET, AND THENCE SOUTH 71°40' EAST 232.84 FEET TO A POINT ON THE EASTERN BOUNDARY LINE OF THAT

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

CERTAIN 0.099 OF AN ACRE PARCEL OF LAND, DESIGNATED AS PARCEL 2 IN DEED FROM DOMINGOS COELHO SOUZA, A SINGLE MAN, TO LAVERN H. REYNOLDS AND CAROLYN REYNOLDS, HIS WIFE, DATED MARCH 7, 1949, AND RECORDED MARCH 10, 1949, UNDER RECORDER'S SERIES NO. AD/16949, IN BOOK 5747 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 315; THENCE ALONG THE SAID LAST MENTIONED LINE NORTH 17°43' EAST 219.07 FEET TO THE ACTUAL POINT OF COMMENCEMENT; THENCE CONTINUING ALONG THE SAID LAST MENTIONED LINE NORTH 17°43' EAST 90.00 FEET TO A POINT ON THE SOUTHERN BOUNDARY LINE OF THAT CERTAIN 2.427 ACRE PARCEL OF LAND, DESIGNATED AS PARCEL 1 IN SAID DEED TO LAVERN H. REYNOLDS AND WIFE, THENCE ALONG THE SAID LAST MENTIONED LINE SOUTH 76°39' EAST 243.57 FEET TO A POINT ON THE NORTHWESTERN BOUNDARY LINE OF THAT CERTAIN PARCEL OF LAND CONTAINING 1.27 ACRES, DESCRIBED IN DEED FROM DOMINGOS COELHO SOUZA, A SINGLE MAN, TO EDWIN MARTINEZ AND MARGARET MARTINEZ, HIS WIFE, DATED OCTOBER 4, 1951 AND RECORDED OCTOBER 15, 1951, UNDER RECORDER'S SERIES NO. AF/86526, IN BOOK 6559 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 511; THENCE ALONG THE SAID LAST MENTIONED LINE SOUTH 29°32' WEST 122.00 FEET UNTIL INTERSECTED BY A LINE DRAWN SOUTH 69°25'39" EAST FROM THE ACTUAL POINT OF COMMENCEMENT; THENCE ALONG THE LINE SO DRAWN NORTH 69°25'39" WEST 218.15 FEET TO THE ACTUAL POINT OF COMMENCEMENT.

PARCEL B:

PORTION OF THE 17.64 ACRE TRACT OF LAND DESCRIBED IN THE DEED TO DOMINGOS COEHLO SOUZA RECORDED MAY 24, 1928, MAP BOOK 1871 OR, PAGE 180 (SERIES Y/37617), DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHWESTERN LINE OF SAID 17.64 ACRE TRACT DISTANT THEREON NORTH 61°56'30" EAST 457.77 FEET FROM THE NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO. 2042 (THE BEARING OF SAID NORTHWEST LINE BEING TAKEN AS NORTH 61°56'30" EAST FOR THE PURPOSE OF MAKING THIS DESCRIPTION); RUNNING THENCE ALONG SAID NORTHWEST LINE OF SAID 17.64 ACRE TRACT NORTH 61°56'30" EAST 756.80 FEET TO AN ANGLE POINT THEREIN; THENCE SOUTH 29°32' WEST 521.22 FEET TO A LINE DRAWN SOUTH 76°39' EAST FROM THE POINT OF BEGINNING; THENCE NORTH 76°39' WEST 422.34 FEET TO THE POINT OF BEGINNING.

PARCEL C:

PORTION OF THE 17.64 ACRE TRACT OF LAND DESCRIBED IN THE DEED TO DOMINGOS COEHLO SOUZA RECORDED MAY 24, 1928, MAP BOOK 1871 OR, PAGE 180 (SERIES Y/37617), DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTHWESTERN LINE OF SAID 17.64 ACRE TRACT DISTANT THEREON NORTH 61°56'30" EAST 457.77 FEET FROM THE NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO. 2042 (THE BEARING OF SAID NORTHWESTERN LINE BEING TAKEN AS NORTH 61°56'30" EAST FOR THE PURPOSE OF MAKING THIS DESCRIPTION); RUNNING THENCE SOUTH 76°39' EAST 164.73 FEET TO THE ACTUAL POINT OF BEGINNING OF THE PARCEL OF LAND TO BE DESCRIBED; RUNNING THENCE SOUTH 76°39' EAST 14.04 FEET; THENCE SOUTH 17°43' WEST 309.07 FEET TO THE NORTHEASTERN LINE OF FAIRVIEW AVENUE; THENCE ALONG SAID LAST NAMED LINE NORTH 71°40' WEST 14 FEET TO A LINE DRAWN SOUTH 17°43' WEST FROM THE POINT OF BEGINNING; THENCE NORTH 17°43' EAST 307.85 TO THE ACTUAL POINT OF BEGINNING.

# EXHIBIT 2

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

## LEGAL DESCRIPTION

Real property in the unincorporated area of the County of Alameda, State of California, described as follows

PARCEL ONE

PORTION OF THE 17 64 ACRE TRACT OF LAND DESCRIBED IN THE DEED BY MANUEL GAETONO SOUZA TO DOMINGOS COELHO SOUZA, DATED JUNE 27, 1923, RECORDED MAY 24, 1928 IN BOOK 1871 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 180 (Y/37617), DESCRIBED AS FOLLOWS

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO 2042 WITH THE SOUTHEASTERN LINE OF SAID 17 64 ACRE TRACT (THE BEARING OF SAID SOUTHEASTERN LINE BEING TAKEN AS NORTH 45° 56' 53" EAST FOR THE PURPOSE OF MAKING THIS DESCRIPTION), AND RUNNING THENCE NORTH 45° 56' 53" EAST ALONG SAID SOUTHEASTERN LINE OF SAID 17 64 ACRE TRACT 889 40 FEET, TO AN ANGLE POINT THEREIN, THENCE CONTINUING ALONG SAID SOUTHEASTERN LINE NORTH 13° 31' 35" EAST 921 31 FEET TO THE MOST EASTERN CORNER OF SAID 17 64 ACRE TRACT, THENCE NORTH 86° 18' 53" WEST ALONG THE NORTHERN LINE OF SAID 17 64 ACRE TRACT 338 27 FEET, THENCE SOUTH 14° 53' 36" WEST ALONG THE WESTERN LINE OF SAID 17 64 ACRE TRACT 749 85 FEET TO AN ANGLE POINT THEREIN, THENCE LEAVING SAID LINE SOUTH 35° 09' 04" EAST 341 58 FEET, THENCE SOUTH 45° 56' 53" WEST 751 76 FEET TO A POINT ON SAID NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO 2042, THENCE ALONG SAID LAST NAMED LINE SOUTH 64° 21' 07" EAST 21 32 FEET TO THE POINT OF BEGINNING

PARCEL TWO

A PORTION OF THE 17 64 ACRE PARCEL OF LAND DESCRIBED IN THE DEED BY MANUEL GAETONO SOUZA TO DOMINGOS COELHO SOUZA, DATED JUNE 27, 1923, RECORDED MAY 24, 1928 IN BOOK 1871 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 180, UNDER RECORDER'S SERIES NO Y/37617, BOUNDED AS FOLLOWS

BEGINNING AT THE INTERSECTION OF THE NORTHEASTERN LINE OF COUNTY ROAD NO 2042, KNOWN AS FAIRVIEW AVENUE, WITH A LINE DRAWN PARALLEL WITH THE SOUTHEASTERN LINE OF SAID 17 64 ACRE PARCEL, AND DISTANT AT A RIGHT ANGLE 20 FEET NORTHWESTERLY THEREFROM, AND RUNNING THENCE ALONG SAID PARALLEL LINE NORTH 46° 15' EAST 428 57 FEET TO THE MOST EASTERN CORNER OF THE PARCEL OF LAND DESCRIBED IN THE DEED BY DOMINGOS COELHO SOUZA TO EDWIN MARTINEZ AND WIFE, DATED OCTOBER 4, 1951, RECORDED OCTOBER 15, 1951 IN BOOK 6559 OF SAID OFFICIAL RECORDS, PAGE 511, THE LAST DETERMINED POINT BEING THE ACTUAL POINT OF COMMENCEMENT, THENCE ALONG THE NORTHEASTERN LINE OF SAID MARTINEZ PARCEL NORTH 76° 39' WEST 223 51 FEET TO THE SOUTHEASTERN LINE OF THE 2 427 ACRE PARCEL OF LAND DESCRIBED AS PARCEL 1 IN THE DEED BY DOMINGOS COELHO SOUZA TO LAVERN H REYNOLDS AND WIFE, DATED MARCH 7, 1949, RECORDED MARCH 10, 1949 IN BOOK 5747 OF SAID OFFICIAL RECORDS, PAGE 315, THENCE ALONG THE LAST MENTIONED LINE, NORTH 29° 32' EAST 521 22 FEET TO AN ANGLE POINT IN THE GENERAL NORTHWESTERN LINE OF SAID 17 64 ACRE PARCEL, THENCE ALONG THE GENERAL WESTERN LINE OF THE PARCEL OF LAND DESCRIBED IN THE DEED BY DOMINGOS COELHO SOUZA TO BERNARD BUCHANAN AND WIFE, DATED JULY 20, 1951, RECORDED JULY 26, 1951 IN BOOK 6496 OF SAID OFFICIAL RECORDS, PAGE 265, SOUTH 34° 49' 30" EAST 341 72 FEET TO SAID LINE DRAWN PARALLEL WITH THE

SOUTHEASTERN LINE OF THE 17 64 ACRE PARCEL, THENCE ALONG SAID PARALLEL LINE
SOUTH 46° 15' WEST 324 78 FEET TO THE ACTUAL POINT OF COMMENCEMENT

APN    417-0260-004 (Affects Parcel One) and
       417-0270-009 (Affects Parcel Two)

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

# EXHIBIT 3

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

## Section I

# Hayward 土地开发增资协议书

## February 8, 2017

这份协议书是 HL Fairview LLC. (Lixin Li, A 方)与吴芳芳 (FangFang Wu, B 方)之间关于 Hayward, California 土地购买和整体土地划分审批项目的增资协议. Hayward 的土地分为 "up-hill" 土地 (预计可建房屋 15 栋) 和 "down-hill" 土地 (24830 Fairview Ave, Hayward CA 94542, 预计可建房屋 12 栋). A 方 现已拥有 "up-hill"土地, 并处在以$2,000,000 的资金购买 "down-hill"土地的交易过程中. B 方将参与 "down-hill"的土地购买以及整体的 Hayward 土地划分审批的投资. 现双方协议条款如下:

**条款一**：经 A 方同意, 在购买 "down-hill" 土地成交之前或当日, B 方共支付与 HL Fairview LLC. A 方 $1,000,000 做为购买 "down-hill" 土地所需的资金.

**条款二**：根据 1 月 3 号 2016 年和 1 月 29 号 2016 年的协商 (协商地: 2015 Valley Oak Road, Pleasanton, CA 94588), 双方同意 "up-hill"的土地做价为 $3,000,000 与 "down-hill" 价值为 $2,000,000 的土地在 HL Fairview LLC. 名下合并, 以此两块土地成为一个整体项目, 共同完成土地划分审批的开发. 在 B 方 $1,000,000 总投资兑现之后, A 方将持有 HL Fairview LLC. 80%的股份, B 方将持有 HL Fairview LLC. 20%的股份.

**条款三**：净收益计算方法：HL Fairview LLC. 总收益减去$5,000,000 和所有自 10 月 27 号 2016 年以后的有关整体土地划分审批的费用. HL Fairview LLC. 所获得的净收益也将按照双方 HL Fairview LLC. 股份持有的比例分配.

**条款四**. B 方已于 10 月 27 号 2016 年, 将 $400,000 注入 Sea Palm LLC. (LiXin Li 拥有) 做为 HL Fairview LLC. 用于土地购买的第一笔投资. 迄今为止, 这笔投资已用于土地购买和整体土地划分审批项目的部份费用.

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 26 of 85

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

**条款五**：B 方承诺，在 "house-flipling" 项目（1683 Paseo Del cajon, Pleasanton, CA 94566）结束之时，将 $400,000 吴芳芳于 10 月 27 号 2016 年已注入 Sea Palm LLC. 的资金(做为"house-flipIing"项目的投资) 转入 HL Fairview LLC. 做为第二笔土地购买的投资.

**条款六**：B 方承诺，在购买交易成交之前或当日，将再注入$200,000，以此完成对 HL Fairview LLC. $1,000,000 的全部投资承诺.

**条款七**：自 10 月 27 号 2016 年以后的所有有关整体土地划分审批的费用，匀由双方按照持有股份比例分摊: A 方 80%，B 方 20%. 费用包括: 土地成交（closing cost); 土地地质报告(RJA); 环保报告(EIR); 土地设计规划; 城市审批申请; 律师报酬; 经纪人报酬; 办公室租金; 助理报酬; 土地周边学校; 土地周边消防; 土地城市警察费用，以及所有其他未曾预测的与土地划分审批相关的费用.

**条款八**：A 方承诺努力保持土地划分审批费用的账目明细，并保存好所有费用的记录. B 方承诺预付$20,000 与 HL Fairview LLC. 作为部份费用. 并从即日起，如果有任何相关费用产生，B 方将每月或随时按股份比例规定支付与 HL Fairview LLC. 所需费用.

**条款九**：持有 HL Fairview LLC. 80%股份 A 方，具有全部有关整体土地开发和后续屋建项目重要事宜决策的决定权. 持有 20%股份 B 方承诺 不参予任何相关的管理和决策.

**条款十**：双方如有任何一方遇到任何的事宜，重要决定 和 政策变更，而此任何一项将影响 HL Fairview LLC. 内部股份比例分配. 双方将通过起草 "付录(Addendum)"经双方同意达成新的协议.

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 27 of 85

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

## Section II Translation
## Hayward Land Development Capital Increase Agreement
## February 8, 2017

This document is an agreement between HL Fairview LLC. (LiXin Li, Side A) and Fang Fang Wu (Side B) regarding the capital raise of the land purchase as well as the division of approval for the land, Hayward, California. Hayward land is divided into two portions: "up-hill" land (15-single houses of capacity expected) and "down-hill" land (24830 Fairview Ave. Hayward, CA 94542, 12-single houses of capacity expected). HL Fairview LLC possesses the "up-hill" land and currently also in the process of purchasing the "down-hill" land with capital of $2,000,000. Side B will participate the investment of purchasing the "down-hill" land and the division of approval for the two- portion combined land. The both sides have agreed the following provisions:

**Provision 1:** Side A. has agreed that Side B will totally invest or provide $1,000,000 to HL Fairview LLC. as the part of the capital to purchase the "down hill" land.

**Provision 2:** Based on the discussions of the meetings on Jan. 3, 2016 and Jan. 29, 2016(meeting sites: 2015 Valley Oak Road, Pleasanton, CA 94588), both sides have reached the agreements: a. The market value of the "up-hill" land has reached $3,000,000; b. Under HL Fairview LLC., the "up-hill" land is combined with "down-hill" land (the market value is $2,000,000) as a whole to continue the division of the approval; c. After the completion of total $1,000,000 investment from Side B, HL Side A will hold 80% of the shares of HL Fairview LLC. and Side B will hold 20%.

**Provision 3:** Net profit calculation: The total revenue from HL Fairview LLC. minuses $5,000. 000 plus the total costs of the division of approval since Oct. 27, 2016. The net profits from the operation of HL Fairview LLC. will be distributed according to the shareholding ratio within HL Fairview LLC..

**Provision 4:** Side B had transferred $400,000 on Oct. 27, 2016 to Seapalm LLC. (owned by LiXin Li). This $400,000 was the first portion of side B's investment for HL Fairview LLC. to purchase the "down-hill" land. Since Oct. 27, 2016, this $400,000 has been using for the costs of purchasing land and the division of approval.

**Provision 5:** In the end of "house-flipping" project (1683 Paseo Del Cajon, Pleasanton, CA 94566), Side B agrees that $400,000, which had been transferred to Seapalm LLC as the capital of "house-flipping" project on Oct. 27, 2016, will be transferred to HL Fairview LLC., as the second portion of Side B's investment for purchasing the land.

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 28 of 85

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

**Provision 6:** Prior or on the day of the completion of the land purchasing, Side B promises that $200,000 will be transferred to HL Fairview LLC. to complete the total investment of $1,000,0000.

**Provision 7:** The total costs of the division of approval since Oct. 27, 2016 will be distributed to both sides based on the shareholding ratio between two sides: 80% for side A and 20% for side B. The cost includes: Closing cost; RJA report; ERI report; Architect planning; Application fee to city; Lawyer payment; Broker payment; Office rental; Assistant payment; School payment; Fire protection payment; City police payment as well as all the unexpected costs of the land division of approval.

**Provision 8:** Side A agrees to collect and well keep the records for all the costs of the land division of approval. Side B agrees to pay $20,000 to HL Fairview LLC. for the part of the cost. In each month or in time, side B will pay HL Fairview LLC. the occurring cost based on the shareholding ratio

**Provision 9:** Side A with HL Fairview LLC 80% shareholding possesses the power and the right to make the decisions on all the related issues and polices during the process of the land development as well as the following house constructions and etc.. Side B with 20% shareholding will not participate the operations and all the decision-making.

**Provision 10:** As moving forward, any one side of both sides may encounter related issue(s). critical decision(s) as well as important police change(s). If any one of the issue, decision and police change will affect the shareholding ratio within HL Fairview LLC., an "Addendum" will be generated by both sides to modify or reach the new agreement(s).

A 方: Lixin Li

HL Fairview LLC.

43731 Boswell Road

Fremont, CA 94538

Date 2/8/2017

Name LIXIN LI

Signature

B 方: Fang Fang Wu

1036 McCauley road

Danville CA 94526

Date 2/8/2017

Name Fang Fang Wu

Signature

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 29 of 85

I, Woody Wu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1754 Technology Drive., Suite 122, San Jose, CA 95110. On the date below, I served the within documents:

- **FIRST AMENDED VERIFIED COMPLAINT**

On the party (ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

☐ **(By US Mail)** I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope, with postage fully pre-paid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed on the attached Service List.

☐ **(By Overnight Delivery)** I enclosed the listed documents in an envelope or package provided by carrier and addressed to the person(s) listed on the attached service. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **(By Electronic Service)** based on an agreement of the parties to accept service by electronic transmission. I caused the documents to be sent to the person(s) at the electronic notification addresses listed on attached service list, I did not receive within a reasonable time after the transmission and electronic message or other indication that the transmission was unsuccessful.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed in San Jose, California on **April 4, 2023.**

**Woody Wu**

SERVICE LIST

Andy Liu                                      **Attorneys for Defendants**
Jingyi Guo
1660 S. Amphlett Blvd Suite 315
San Mateo, CA, 94402
Tel: 650-475-6289
andy.liu@aptumlaw.us
jingyi.guo@aptumlaw.us

# Exhibit B

Zheng "Andy" Liu (CBN 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Debtor Ying Lian Hu*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | **NOTICE OF REMOVAL** |
| YING LIAN HU, | |
| Debtor, | Adv. Case No:_____ |
| FANG FANG WU, | Chapter 13 Case No. 25-42332 |
| Plaintiffs, | Alameda County Superior Court Case No.: 23CV027935 |
| v. | |
| YING LIAN HU, LIXIN LI, HL FAIRVIEW LLC, SEA PALM LLC and DOES 1-10, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES IN**

**INTEREST, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE under 28 U.S.C. section 1452(a) and Bankruptcy

Rule 9027(a) that Debtor/Defendant Ying Lian Hu, and Defendants Lixin Li and Sea

Palm LLC hereby remove to this Court all causes of action set forth in the action

NOTICE OF REMOVAL

described below originally filed in the Superior Court of California, County of Alameda.

1. On February 15, 2023, Plaintiff Fang Fang Wu commenced an action in the Superior Court of California, County of Alameda, entitled Fang Fang Wu v. Ying Lian Hu et al., case no. 23CV027935 (the Alameda County Case).

2. The Alameda County Case action is subject to removal to this Court under at least 28 U.S.C. Section 1452(a), which provides that "[a] party may remove any claim or cause of action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Under 11 U.S.C. Section 1334, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."

3. The removed causes of action are "related to" the Debtor/Defendant Ying Lian Hu's chapter 13 bankruptcy because they arise out of an investment agreement executed between Debtor and Plaintiff, and Plaintiff is seeking recovery against and establish title to Debtor's properties, which are being liquidated in Debtor's bankruptcy proceeding.

4. The Alameda County Case depleted all Debtor's financial resources, resulting in this bankruptcy filing.

5. The removed causes of action are thus "related to" the Debtor's chapter 13 bankruptcy.

2

6.      Debtor Ying Lian Hu consents to the entry of final orders and judgments by the bankruptcy court with respect to all claims and causes of action hereby removed.

7.      The following operative pleadings filed in the Alameda County Case are attached to this notice as Exhibits A and B:

1)  Fang Fang Wu's First Amended Verified Complaint; and

2)  Answer by Defendants Ying Lian Hu, Lixin Li, HL Fairview LLC, and Sea Palm LLC to the First Amended Verified Complaint.

**DEMAND FOR JURY TRIAL**

Removing Defendants Ying Lian Hu, Lixin Li, and Sea Palm LLC hereby demand a jury trial on all issues so triable.

Dated:  December 18, 2025                    Respectfully submitted,

By: _____
Zheng "Andy" Liu (SBN 279327)
1660 South Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Debtor Ying Lian Hu*

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

James Cai (SBN 200189)
jcai@sacattorneys.com
Brian Barnhorst (SBN 130292)
bbarnhorst@sacattorneys.com
Woody Wu (SBN 309317)
wwu@sacattorneys.com
SAC Attorneys, LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff Fang Fang Wu

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| Fang Fang Wu, | Case No.: 23cv027935 |
| Plaintiff, | |
| | **FIRST AMENDED VERIFIED COMPLAINT** |
| v. | |
| Yinglian Hu, an individual; Lixin Li, an individual; HL Fairview LLC, a California limited liability company; Sea Palm, LLC a California limited liability company; and DOES 1-20, inclusive, | **[UNLIMITED JURISDICTION]** |
| Defendants. | |

Plaintiff Fang Fang Wu (hereinafter "Wu" or "Plaintiff") alleges as follows:

### INTRODUCTION

1.       This case arises from the Defendants' breach of contract, breach of their fiduciary duties owed to Plaintiff, and fraudulent activity/misrepresentation in certain agreements with Plaintiff with regard to real estate investment transactions.

### PARTIES

2.       Plaintiff Wu is, and at all times herein mentioned an individual living in Contra Costa County, California.

3. Defendant Yinglian Hu (hereinafter "Hu"), is an individual that is believed to work and reside in Alameda County, California. Plaintiff is informed and believes, and thereon alleges Hu is the manager who controls HL Fairview LLC and Sea Palm, LLC.

4. Defendant Lixin Li (hereinafter "Li"), is an individual that is believed to work and reside in Alameda County, California. Plaintiff is informed and believes, and thereon alleges Li is the husband of Yinglian Hu and is the co-manager who also controls HL Fairview LLC and Sea Palm, LLC.

5. Defendant HL Fairview LLC (hereinafter "HL Fairview") is a California limited liability company, Plaintiff is informed and believes, and thereon alleges, HL Fairview's principal place of doing business is located in Alameda County, California.

6. Defendant Sea Palm, LLC (hereinafter "Sea Palm") is a California limited liability, Plaintiff is informed and believes, and thereon alleges, Sea Palm's principal place of doing business is located in Alameda County, California.

7. Plaintiff is informed and believes, and thereon alleges, that, at all times relevant hereto, Defendants, and each of them, were agents, servants, joint venturers, partners, employees and/or co-conspirators of the other Defendants named herein and that, at all times relevant hereto, each of the Defendants was acting within the course and scope of said relationship with said Defendants.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue these Defendants by their fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitious named Defendants, Does 1 through 20, is responsible for the acts and omissions alleged herein, and/or otherwise liable to Plaintiff for payment of damages as alleged in this Statement. Plaintiff will amend this Statement to allege their true names and capacities when ascertained.

## Jurisdiction

9. Plaintiffs incorporate the allegations of Paragraphs 1 through 8, infra, into this Paragraph as if fully set forth herein.

*Fang Fang Wu v. Yinglian Hu, et al.*
First Amended Verified Complaint – Page 2

10. This Court has jurisdiction over HL Fairview and Sea Palm because both of them were registered in California and its principal places of doing business in this State. Specifically, HL Fairview and Sea Palm have purposefully availed themselves of the marketplace in California by entering into business agreements governing activities in this State in Alameda County.

11. This Court has jurisdiction over individual Defendants, Hu and Li, because they are residents living or they have engaged in business giving rise to this Complaint in Alameda County, California.

## VENUE

12. Plaintiffs incorporate the allegations of Paragraphs 1 through 11, infra, into this Paragraph as if fully set forth herein.

13. Venue is proper because the contracts giving rise to the Complaint were entered into in this county, and the Defendants' residence or principal places of doing business are in this county.

## Alter Ego

14. Plaintiff incorporates the allegations of Paragraphs 1 through 13, infra, into this Paragraph as if fully set forth herein.

15. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant Hu, Li and Does 1 through 20 were and are officers, directors, managers, members and/or shareholders of Defendants HL Fairview and Sea Palm.

16. Plaintiff is informed, believes, and thereon alleges that Hu and Li dominated and controlled HL Fairview and Sea Palm including but not limited to the following:

a) commingled funds and other assets of HL Fairview and Sea Palm with the funds and other assets of themselves for their own convenience by placing HL Fairview's and Sea Palm's assets in their names and/or the names of other parties in order to evade payments of their obligations owed to Plaintiff and to assist in evading payment of said obligations;

b) diverted funds and other assets of HL Fairview and Sea Palm to other than corporate uses;

c) concealed and misrepresented the identity of the responsible ownership, management and financial interest of HL Fairview and Sea Palm;

d) treated the assets of HL Fairview and Sea Palm as their own;

e) diverted assets from HL Fairview and Sea Palm to themselves, to the detriment of creditors;

f) caused HL Fairview and Sea Palm not to have sufficient corporate assets;

g) under-capitalized HL Fairview and Sea Palm;

h) used HL Fairview and Sea Palm as a mere shell, instrumentality, or conduit for their fraudulent activities;

i) conceived, intended and used HL Fairview and Sea Palm as a device to avoid personal liability and for the purpose of substituting a financially insolvent entity in place of themselves, jointly and separately;

j) used the corporate identity of HL Fairview and Sea Palm as concealment or misrepresentation of personal business activities; and

k) disregarded the legal formalities of HL Fairview and Sea Palm.

17. Plaintiff is informed, believes, and thereon alleges that Hu and Li are each the alter ego for HL Fairview and Sea Palm.

18. Plaintiff is informed, believes, and thereon alleges that Hu is liable for the acts of HL Fairview and Sea Palm as alleged in this Complaint as her alter ego, and that recognition of the privilege of separate corporate existence would promote injustice.

19. Plaintiff is informed, believes, and thereon alleges that Li is liable for the acts of HL Fairview and Sea Palm as alleged in this Complaint as his alter ego, and that recognition of the privilege of separate corporate existence would promote injustice.

## GENERAL ALLEGATIONS

20.     Plaintiff incorporates the allegations of Paragraphs 1 through 19, infra, into this Paragraph as if fully set forth herein.

21.     In or about September 2016, Plaintiff was initially introduced to Li and Hu, husband and wife, through a mutual friend Rona Wang.

22.     Hu and Li solicited Plaintiff to invest about **One Million Two Hundred Thousand Dollars (US$1,200,000)** (Eight Hundred Thousand Dollars (US$800,000) on or about October 27, 2016, Two Hundred Thousand Dollars (US$200,000) on or about October 28, 2016, and Two Hundred Thousand Dollars (US$200,000) in or about December 8, 2016) with their entity Sea Palm LLC to purchase real properties in the San Francisco Bay Area, remodel and then sell them for profit (known as "house flipping").

23.     Li misrepresented to Plaintiff that he was a licensed contractor with very successful history of house flipping.

24.     Hu and Li promised to give 30% of profit that Sea Palm generated in house flipping to Plaintiff but never performed any accounting of it.

25.     After Plaintiff invested with Sea Palm, Hu and Li flipped about four (4) houses and accumulated some profit of unknown amount, of which Plaintiff is entitled to 30%, but Plaintiff only received One Hundred Thousand Dollars (US$100,000).

26.     In or about November, 2016, Defendants Hu and Li told Plaintiff that they had found a great investment opportunity, a parcel of 4 acres of land on a hillside slope in Hayward, California, commonly known as 24830 Fairview Avenue, Hayward, California (APN 417-0270-006-00 and 417-0270-003-00) (hereinafter, the "Down-hill Parcel"), the full legal description of which is attached on **Exhibit 1** attached to the Complaint.

27.     Defendants Hu and Li represented to Plaintiff that they already purchased a neighboring parcel of 10 acres of land on the upperside commonly known as 000 Fairview Avenue, Hayward, California (APN 417-0270-009 and 417-0260-004) (hereinafter, the "Up-hill Parcel"), the full legal description of which is attached on **Exhibit 2** attached to the Complaint.

28.     Hu and Li promised to Wu that if she could contribute One Million Dollars (US$1,000,000), she would be considered as their joint venturer with 20% profit sharing to develop both Up-hill and Down-hill Parcels as one project, which they represented could be subdivided into 27 single family homes which could be sold with tens of millions of profit upon completion.

29.     Although very interested, Plaintiff was concerned about the complexity of the project and questioned the experience and capacity of Hu and Li, who did not even have high school education, with limited English language proficiency, and had never taken on a subdivision and contruction project of this size in the United States.

30.     To address Plaintiff's concerns, Hu and Li represented to her that they had assembled a professional team to assist them, including an experienced real attorney.

31.     On or about February 8, 2017, HL Fairview LLC and Lixin Li on one hand, Plaintiff on the other hand, entered into a Hayward Land Development Capital Increase Agreement, a copy of which is attached on **Exhibit 3** (the "Capital Increase Agreement")

32.     According to the Capital Increase Agreement, Plaintiff was to invest One Million Dollars (US$1,000,000) in HL Fairview LLC as purchase price to purchase the Down-hill Parcel. In exchange, Plaintiff will hold 20% of HL Fairview LLC (based on a combined valuation of Five Million Dollars (US$5,000,000) for both Up-hill and Down-hill Parcels as represented by Hu and Li to the Plaintiff).

33.     First traunch of Four Hundred Thousand Dollars (US$400,000) would be transferred from Plaintiff's investment in Sea Palm LLC to HL Fairview LLC.

34.     Second traunch of Four Hundred Thousand Dollars (US$400,000) investment will be transferred from Plaintiff's investment in Sea Palm LLC to HL Fairview LLC upon completion of a house-flipping project at 1683 Paseo Del Cajon, Pleasanton, CA 94566.

35.     Third traunch of Two Hundred Thousand Dollars (US$200,000) would be new money that Plaintiff would invest in HL Fairview LLC.

36.     According to the Capital Increase Agreement (Provision 7), the total costs of subdivision after October 27, 2016, including closing costs, RJA reports, ERI report, architect

planning, application fees to be paid to the city, attorneys' fees, borker payment, office rental,

assistant payment, school fees, fire protection payment, city policy payment as well as all

unexpected costs will be allocated between Lixin Li (80%) and Plaintiff (20%).

37.     According to the Capital Increase Agreement (Provision 8), Lixin Li agreed to

collect and well keep the records for all the costs of subdivision.

38.     After the the Capital Increase Agreement was signed and all three traunches of

investment were made by Plaintiff, Hu and Li effectively forced her to put in another Three

Hundred Thousand Dollars (US$300,000) to cover Phase I subdivision costs (US$200,000 from

Plaintiff's investment in Sea Palm LLC without Plaintiff's consent or knowledge, eventhough

Plaintiff repeatedly requested for accounting, and US$100,000 as new money from Plaintiff

which Plaintiff consented).

39.     In total, Plaintiff gave Hu and Li One Million Three Hundred Thousand Dollars

(US$1,300,000) to invest in HL Fairview to develop the combined Up-hill and Down-hill Parcels

(the "Project").

40.     After receiving funds from Plaintiff, Hu and Li refused to provide any

information regarding the progress and expenses incurred in the Project or any evidence of

Plaintiff's ownership in either the Parcels or HL Fairview LLC.

41.     On or about April 20, 2019, Rona Wang, Plaintiff's friend who introduced her to

Hu and Li, told Plaintiff that she saw the Up-hill and Down-hill Parcels were lised for sale for

Four Million Nine Hundred Thousand Dollars (US$4,900,000).

42.     Plaintiff confronted with Hu and Li, and it was only then she was told the

subdivision process had been abandoned, the professionals such as real estate attorney was

disengaged, and the Down-hill Parcel and Up-hill Parcel were listed for sale.

43.     Plaintiff demanded financial books and records of HL Fairview LLC so she could

review the total costs and liabilities incurred, but was rejected by Hu and Li.  She requested her

K-1 statement to be issued so she can properly file her tax returns, to no avail.

44.     Plaintiff requested that her 20% ownership in HL Fairview LLC be finalized, or

she be put on the title of both Up-hill and Down-hill Parcels, all to no avail.

45.     Plaintiff demanded Hu and Li to provide evidence that they, as 80% owner of HL Fairview LLP, have put in at least One Million Two Hundred Thousand Dollars (US$1,200,000) to cover the Phase I costs in proportion to Plaintiff's contribution of Three Hundred Thousand Dollars (US$300,000) as 20% owner. Hu and Li refused to provide any such evidence.

46.     Shortly thereafter, Covid-19 pandenmic broke out and Plaintiff had to stay in China to care for her family.

47.     Upon return to US in January 2023, Plaintff found out, through her attorney and to her surprise, that Hu and Li had got a secured loan for Eight Hundred Thousand Dollars (US$800,000) on or about March 19, 2020 from a group of investors pledging the Down-hill Parcel as collateral.

48.     Since the subdivision Project was abandoned in 2019, Plaintiff has good reasons to believe that Hu and Li pocketed to the entire Eight Hundred Thousand Dollars (US$800,000) loan proceeds to themselves, without ever informating the Plaintiff.

49.     In the same month, on or about January 13, 2023, Hu and Li listed the Up-hill Parcel for sale for One Million Five Hundred Thousand Dollars (US$1,500,000), again without informing the Plaintiff.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (AGAINST DEFENDANTS HU, LI AND HL FAIRVIEW)

50.     Plaintiffs incorporate paragraphs 1-49 as though fully set forth herein.

51.     According to the Captial Increase Agreement, Provision 2, Plaintiff, after investing One Million Dollars (US$1,000,000) would own 20% of HL Fairview LLC which in turn should hold both Up-hill and Down-hill Parcels combined.

52.     According to the Captial Increase Agreement, Provision 7, Defendants Hu and Li were to cover 80% of all costs and expenses associated with subdivision of both Up-hill and Down-hill Parcels.

53.     According to the Captial Increase Agreement, Provision 8, Lixin Li agreed to collect and well keep the records for all the costs of subdivision.

54.     Defendants Hu and Li, as alter egos of each other and HL Fairview LLC, breached the Capital Increase Agreement by (1) failing to formalize Plaintiff's 20% ownership interest in HL Fairview LLC, the Up-hill Parcel or the Down-hill Parcel, (2) failing to contribute their fair share of subdivision costs in the amont of One Million Two Hundred Thousand Dollars (US$1,200,000) before abandoning the Project, without accounting to Plaintiff, and (3) failing to keep good financial records of the subdivision costs.

55.     Plaintiff has performed all her obligations under the Capital Increase Agreement, except those unable, unpractical or excused to be performed.

56.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages to be proven at trial, but in no case less than One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs pray for judgment against the Defendants as more fully set forth below.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

### (AGAINST DEFENDANTS YINGLIAN HU AND LIXIN LI)

57.     Plaintiffs incorporate paragraphs 1- 56 as though fully set forth herein.

58.     As Plaintiff entered a joint venture arrangement with Hu and Li to subdivide both the Up-hill and Down-hill Parcels, Hu and Li owe Plaintiff a fiduciary duty of utmost care.

59.     Defendants Hu and Li breached their fiduciary duty by (1) abandoning the Project and disengaging the associated professionals; (2) not contributing their fair share of the development costs; (3) not keeping good records of costs and records, and refusing to share with Plaintiff any information about the development; (4) taking out a loan using the Down-hill Parcel as collateral, for their own benefit; (5) listing the Up-hill Parcel for sale without informing Plaintiff.  Had Hu and Li invested their fair share of development costs, both Parcels would have been properly subdivided by now.

60.     As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has incurred damages to be proven at trial, but in no case less than One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs pray for judgment against the Defendants as more fully set forth below.

## THIRD CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

### (AGAINST DEFENDANTS HU, LI AND HL FAIRVIEW)

61.     Plaintiffs incorporate paragraphs 1-60 as though fully set forth herein.

62.     The Capital Increase Agreement contained an implied covenant of good faith and fair dealing.

63.     The Capital Increase Agreement obligated Defendants to perform its terms and conditions fairly and in good faith and to refrain from doing any act that would deprive Plaintiff of the benefits of the agreement.

64.     Plaintiff has performed her duties and conditions by making capital contributions to HL Fairview LLC.

65.     Defendants Hu, Li and their alter ego HL Fairview LLC knew that Plaintiff had fulfilled her duties and conditions under the Capital Increase Agreement, but have refused to fulfill their obligations to contribute their fair share of the development costs and disengaging professionals that were needed for the subdivision applications.  Instead they abandoned the Project, took out Eight Hundred Thousand Dollars (US$800,000) loan for their own benefit and listed the Up-hill Parcel for sale, for their own benefit.  Defendant thus breached the implied covenant of good faith and fair dealing under the Guarantee, as more fully set forth above.

66.     As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has incurred damages to be proven at trial, but in no case less than One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs pray for judgment against the Defendants as more fully set forth below.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

## (AGAINST DEFENDANTS HU AND LI)

67.     Plaintiffs hereby incorporate paragraphs 1-66 as though fully set forth herein.

68.     As stated above, after abandoning the Project, Hu and Li obtained a secured loan with the Down-hill Parcel and pocketed Eight Hundred Thousand Dollars (US$800,000) loan proceeds for their own benefit without informing or accounting to Plaintiff.

69.     By their wrongful acts and omissions, the Defendants were unjustly enriched at the expense of and to the detriment of the Plaintiff. These benefits were accepted by Defendants under such circumstances that it would be inequitable for them to be retained without payment.

70.     Plaintiff seeks restitution from the Defendants, and each of them, and seeks an order from this Court disgorging all profits, benefits, and other compensation obtained by Defendants for their wrongful conduct in this matter.

WHEREFORE, Plaintiffs prays for judgment against the Defendants as more fully set forth below.

## FIFTH CAUSE OF ACTION

## FRAUD/MISREPRESENTATION

## (AGAINST DEFENDANTS HU, LI AND HL FAIRVIEW)

71.     Plaintiff hereby incorporates paragraphs 1-70 as though fully set forth herein.

72.     During the solicitation of Plaintiff's investment in HL Fairview LLC on or about February 8, 2017, Defendants Hu and Li, through their alter ego HL Fairview LLC, made substantial mispresentations and concealed material facts, including but not limited to, (1) that Hu was an experienced general contractor duly licensed by California State License Board (CSLB); (2) the vastly inflated valuation of the Up-hill and Down-hill parcels; (3) that Hu and Li were willing, ready and able to contribute One Million Two Hundred Thousand Dollars (US$1,200,000) towards the development of both Parcels.

73.     In reasonable reliance and as a direct and proximate result of Defendants Hu's and Li's substantial mispresentations and concealed material facts, Plaintiff entered into joint

venture arrangement with them and invested One Million Three Hundred Thousand Dollars (US$1,300,000).

WHEREFORE, Plaintiffs prays for judgment against the Defendants as more fully set forth below.

## SIXTH CAUSE OF ACTION

### ACCOUNTING

### (AGAINST ALL DEFENDANTS)

74. Plaintiff hereby incorporates paragraphs 1-73 as though fully set forth herein.

75. Through their course of dealing, Defendants Hu and Li, and their alter egos HL Fairview and Sea Palm LLC, owe Plaintiff a duty of accounting.

WHEREFORE, Plaintiffs prays for judgment against the Defendants as more fully set forth below.

## SEVENTH CAUSE OF ACTION

### QUIET TITLE

### (AGAINST DEEFENDANTS HU, LI AND HL FAIRVIEW)

76. Plaintiff hereby incorporates paragraphs 1-79 as though fully set forth herein.

77. In light of the refusal by Hu and Li to recognize Plaintiff as a 20% owner of HL Fairview LLC, and by virtue of the foregoing facts, Plaintiff is entitled to a judicial declaration that Plaintiff is the 20% co-owner of both the Up-hill and Down-hill Parcels in fee.

78. As alleged herein, Plaintiff is informed and believes, and, on that basis, alleges that Defendants Hu, Li and their alter ego HL Fairview claim entire ownership of the Up-hill and Down-hill Parcels.

79. Accordingly, Plaintiff seeks to quiet title to the Up-hill and Down-hill Parcels with 20% ownership in Plaintiff's name as tenant in common as of the date of this Complaint.

## PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

1. For damages in a sum of $1,300,000

Case: 25-04049  Doc# 9-1  Filed: 01/06/26  Entered: 01/06/26 18:27:30  Page 49 of 85

Fang Fang Wu v. Yinghan Hu, et al.
First Amended Verified Complaint – Page 12

2. For prejudgment and post judgment interest on damages at the prevailing legal rate;

3. For costs of suit incurred herein;

4. Awarding appropriate equitable relief, if applicable;

5. Awarding punitive damages at the maximum amount permitted by law;

6. Awarding restitution, disgorgement of all illicit proceeds generated as a result of the wrongful conduct alleged herein, for at least $1,300,000;

7. That the Court enjoin Defendants Hu, Li and HL Fairview LLC from selling, encumbering or disposing of the Up-hill and Down-hill Parcels;

8. For reasonable attorneys' fees to the extent permitted by law; and

9. For such other and further relief as the court may deem proper.

Dated: April 4, 2023            SAC ATTORNEYS, LLP

By: _____

James Cai, Esq.
Woody Wu, Esq.
Brian Barnhorst, Esq.
Attorneys for Plaintiff Fang Fang Wu

*Fang Fang Wu v. Yinghan Hu, et al.*
First Amended Verified Complaint – Page 13

**VERIFICATION**

I, Fang Fang Wu, have reviewed the foregoing FIRST AMENDED VERIFIED COMPLAINT in Wu v. Hu, et al., and know its contents.

I certify that the same is true of my knowledge, except as to the matters which are therein stated to be on information or belief, and, as to those matters, I believe them to be true.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 4, 2023, in Danville, California.


Fang Fang Wu

*Fang Fang Wu v. Yinglian Hu, et al.*
First Amended Verified Complaint – Page 14

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

# EXHIBIT 1

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

For APN/Parcel ID(s):   417-0270-006-00 and 417-0270-003-00

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HAYWARD, COUNTY OF ALAMEDA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

A PORTION OF THE 17.64 ACRE PARCEL OF LAND DESCRIBED IN THE DEED BY MANUEL CAETONO SOUZA TO DOMINGOS COELHO SOUZA, DATED JUNE 27, 1923, RECORDED MAY 24, 1928 IN BOOK 1871 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 180, RECORDER'S SERIES Y/37617, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERN LINE OF COUNTY ROAD NO. 2042, KNOWN AS FAIRVIEW AVENUE, DISTANT THEREON SOUTH 79°50' EAST 222 FEET FROM THE NORTHWESTERN LINE OF SAID 17.64 ACRE PARCEL; AND RUNNING THENCE NORTH 21°13'22" EAST 210.57 FEET TO A POINT ON SAID NORTHWESTERN LINE, DISTANT THEREON NORTH 61°56'30" EAST 334 FEET FROM SAID LINE OF FAIRVIEW AVENUE; THENCE ALONG SAID NORTHWESTERN LINE NORTH 61°56'30" EAST 123.77 FEET; THENCE SOUTH 76°39' EAST 164.73 FEET; THENCE SOUTH 17°43' WEST 307.85 FEET TO SAID LINE OF FAIRVIEW AVENUE; THENCE ALONG THE LAST MENTIONED LINE NORTH 71°40' WEST 218.84 FEET, AND NORTH 79°50' WEST 45.02 FEET TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION CONVEYED IN THE DEED TO ANTHONY LOPES ET AL DATED FEBRUARY 29, 1956 AND RECORDED MARCH 5, 1956 IN BOOK 7954, OFFICIAL RECORDS, PAGE 171.

ALSO EXCEPTING THEREFROM THOSE PORTIONS CONVEYED IN THE DEED TO ANTHONY LOPES AND KATHERINE LOPES, HIS WIFE, DATED DECEMBER 16, 1963 AND RECORDED DECEMBER 18, 1963 IN BOOK 1074, OFFICIAL RECORDS, PAGE 579.

PARCEL TWO:

PARCEL A:

A PORTION OF THE 17.64 ACRE TRACT OF LAND DESCRIBED IN DEED FROM MANUEL ROGERS AND FRANCES ROGERS, HIS WIFE, TO MANUEL CAETONO SOUZA, DATED FEBRUARY 26, 1923 AND RECORDED MARCH 5, 1923, UNDER RECORDER'S SERIES NO. T/ 13804, IN BOOK 380 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 226, DESCRIBED AS FOLLOWS:

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHERN LINE OF FAIRVIEW AVENUE.

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHERN LINE OF FAIRVIEW AVENUE, ALSO KNOWN AS COUNTY ROAD NO. 2042, WITH THE NORTHWESTERN LINE OF SAID 17.64 ACRE TRACT; RUNNING ALONG THE SAID LINE OF FAIRVIEW AVENUE THE TWO FOLLOWING COURSES AND DISTANCES: SOUTH 79°50' EAST 267.02 FEET, AND THENCE SOUTH 71°40' EAST 232.84 FEET TO A POINT ON THE EASTERN BOUNDARY LINE OF THAT

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

CERTAIN 0.099 OF AN ACRE PARCEL OF LAND, DESIGNATED AS PARCEL 2 IN DEED FROM DOMINGOS COELHO SOUZA, A SINGLE MAN, TO LAVERN H. REYNOLDS AND CAROLYN REYNOLDS, HIS WIFE, DATED MARCH 7, 1949, AND RECORDED MARCH 10, 1949, UNDER RECORDER'S SERIES NO. AD/16949, IN BOOK 5747 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 315; THENCE ALONG THE SAID LAST MENTIONED LINE NORTH 17°43' EAST 219.07 FEET TO THE ACTUAL POINT OF COMMENCEMENT; THENCE CONTINUING ALONG THE SAID LAST MENTIONED LINE NORTH 17°43' EAST 90.00 FEET TO A POINT ON THE SOUTHERN BOUNDARY LINE OF THAT CERTAIN 2.427 ACRE PARCEL OF LAND, DESIGNATED AS PARCEL 1 IN SAID DEED TO LAVERN H. REYNOLDS AND WIFE, THENCE ALONG THE SAID LAST MENTIONED LINE SOUTH 76°39' EAST 243.57 FEET TO A POINT ON THE NORTHWESTERN BOUNDARY LINE OF THAT CERTAIN PARCEL OF LAND CONTAINING 1.27 ACRES, DESCRIBED IN DEED FROM DOMINGOS COELHO SOUZA, A SINGLE MAN, TO EDWIN MARTINEZ AND MARGARET MARTINEZ, HIS WIFE, DATED OCTOBER 4, 1951 AND RECORDED OCTOBER 15, 1951, UNDER RECORDER'S SERIES NO. AF/86526, IN BOOK 6559 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 511; THENCE ALONG THE SAID LAST MENTIONED LINE SOUTH 29°32' WEST 122.00 FEET UNTIL INTERSECTED BY A LINE DRAWN SOUTH 69°25'39" EAST FROM THE ACTUAL POINT OF COMMENCEMENT; THENCE ALONG THE LINE SO DRAWN NORTH 69°25'39" WEST 218.15 FEET TO THE ACTUAL POINT OF COMMENCEMENT.

PARCEL B:

PORTION OF THE 17.64 ACRE TRACT OF LAND DESCRIBED IN THE DEED TO DOMINGOS COEHLO SOUZA RECORDED MAY 24, 1928, MAP BOOK 1871 OR, PAGE 180 (SERIES Y/37617), DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHWESTERN LINE OF SAID 17.64 ACRE TRACT DISTANT THEREON NORTH 61°56'30" EAST 457.77 FEET FROM THE NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO. 2042 (THE BEARING OF SAID NORTHWEST LINE BEING TAKEN AS NORTH 61°56'30" EAST FOR THE PURPOSE OF MAKING THIS DESCRIPTION); RUNNING THENCE ALONG SAID NORTHWEST LINE OF SAID 17.64 ACRE TRACT NORTH 61°56'30" EAST 756.80 FEET TO AN ANGLE POINT THEREIN; THENCE SOUTH 29°32' WEST 521.22 FEET TO A LINE DRAWN SOUTH 76°39' EAST FROM THE POINT OF BEGINNING; THENCE NORTH 76°39' WEST 422.34 FEET TO THE POINT OF BEGINNING.

PARCEL C:

PORTION OF THE 17.64 ACRE TRACT OF LAND DESCRIBED IN THE DEED TO DOMINGOS COEHLO SOUZA RECORDED MAY 24, 1928, MAP BOOK 1871 OR, PAGE 180 (SERIES Y/37617), DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE NORTHWESTERN LINE OF SAID 17.64 ACRE TRACT DISTANT THEREON NORTH 61°56'30" EAST 457.77 FEET FROM THE NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO. 2042 (THE BEARING OF SAID NORTHWESTERN LINE BEING TAKEN AS NORTH 61°56'30" EAST FOR THE PURPOSE OF MAKING THIS DESCRIPTION); RUNNING THENCE SOUTH 76°39' EAST 164.73 FEET TO THE ACTUAL POINT OF BEGINNING OF THE PARCEL OF LAND TO BE DESCRIBED; RUNNING THENCE SOUTH 76°39' EAST 14.04 FEET; THENCE SOUTH 17°43' WEST 309.07 FEET TO THE NORTHEASTERN LINE OF FAIRVIEW AVENUE; THENCE ALONG SAID LAST NAMED LINE NORTH 71°40' WEST 14 FEET TO A LINE DRAWN SOUTH 17°43' WEST FROM THE POINT OF BEGINNING; THENCE NORTH 17°43' EAST 307.85 TO THE ACTUAL POINT OF BEGINNING.

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

# EXHIBIT 2

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

## LEGAL DESCRIPTION

Real property in the unincorporated area of the County of Alameda, State of California, described as follows

PARCEL ONE

PORTION OF THE 17 64 ACRE TRACT OF LAND DESCRIBED IN THE DEED BY MANUEL GAETONO SOUZA TO DOMINGOS COELHO SOUZA, DATED JUNE 27, 1923, RECORDED MAY 24, 1928 IN BOOK 1871 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 180 (Y/37617), DESCRIBED AS FOLLOWS

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO 2042 WITH THE SOUTHEASTERN LINE OF SAID 17 64 ACRE TRACT (THE BEARING OF SAID SOUTHEASTERN LINE BEING TAKEN AS NORTH 45° 56' 53" EAST FOR THE PURPOSE OF MAKING THIS DESCRIPTION), AND RUNNING THENCE NORTH 45° 56' 53" EAST ALONG SAID SOUTHEASTERN LINE OF SAID 17 64 ACRE TRACT 889 40 FEET, TO AN ANGLE POINT THEREIN, THENCE CONTINUING ALONG SAID SOUTHEASTERN LINE NORTH 13° 31' 35" EAST 921 31 FEET TO THE MOST EASTERN CORNER OF SAID 17 64 ACRE TRACT, THENCE NORTH 86° 18' 53" WEST ALONG THE NORTHERN LINE OF SAID 17 64 ACRE TRACT 338 27 FEET, THENCE SOUTH 14° 53' 36" WEST ALONG THE WESTERN LINE OF SAID 17 64 ACRE TRACT 749 85 FEET TO AN ANGLE POINT THEREIN, THENCE LEAVING SAID LINE SOUTH 35° 09' 04" EAST 341 58 FEET, THENCE SOUTH 45° 56' 53" WEST 751 76 FEET TO A POINT ON SAID NORTHEASTERN LINE OF FAIRVIEW AVENUE, OR COUNTY ROAD NO 2042, THENCE ALONG SAID LAST NAMED LINE SOUTH 64° 21' 07" EAST 21 32 FEET TO THE POINT OF BEGINNING

PARCEL TWO

A PORTION OF THE 17 64 ACRE PARCEL OF LAND DESCRIBED IN THE DEED BY MANUEL GAETONO SOUZA TO DOMINGOS COELHO SOUZA, DATED JUNE 27, 1923, RECORDED MAY 24, 1928 IN BOOK 1871 OF OFFICIAL RECORDS OF ALAMEDA COUNTY, PAGE 180, UNDER RECORDER'S SERIES NO Y/37617, BOUNDED AS FOLLOWS

BEGINNING AT THE INTERSECTION OF THE NORTHEASTERN LINE OF COUNTY ROAD NO 2042, KNOWN AS FAIRVIEW AVENUE, WITH A LINE DRAWN PARALLEL WITH THE SOUTHEASTERN LINE OF SAID 17 64 ACRE PARCEL, AND DISTANT AT A RIGHT ANGLE 20 FEET NORTHWESTERLY THEREFROM, AND RUNNING THENCE ALONG SAID PARALLEL LINE NORTH 46° 15' EAST 428 57 FEET TO THE MOST EASTERN CORNER OF THE PARCEL OF LAND DESCRIBED IN THE DEED BY DOMINGOS COELHO SOUZA TO EDWIN MARTINEZ AND WIFE, DATED OCTOBER 4, 1951, RECORDED OCTOBER 15, 1951 IN BOOK 6559 OF SAID OFFICIAL RECORDS, PAGE 511, THE LAST DETERMINED POINT BEING THE ACTUAL POINT OF COMMENCEMENT, THENCE ALONG THE NORTHEASTERN LINE OF SAID MARTINEZ PARCEL NORTH 76° 39' WEST 223 51 FEET TO THE SOUTHEASTERN LINE OF THE 2 427 ACRE PARCEL OF LAND DESCRIBED AS PARCEL 1 IN THE DEED BY DOMINGOS COELHO SOUZA TO LAVERN H REYNOLDS AND WIFE, DATED MARCH 7, 1949, RECORDED MARCH 10, 1949 IN BOOK 5747 OF SAID OFFICIAL RECORDS, PAGE 315, THENCE ALONG THE LAST MENTIONED LINE, NORTH 29° 32' EAST 521 22 FEET TO AN ANGLE POINT IN THE GENERAL NORTHWESTERN LINE OF SAID 17 64 ACRE PARCEL, THENCE ALONG THE GENERAL WESTERN LINE OF THE PARCEL OF LAND DESCRIBED IN THE DEED BY DOMINGOS COELHO SOUZA TO BERNARD BUCHANAN AND WIFE, DATED JULY 20, 1951, RECORDED JULY 26, 1951 IN BOOK 6496 OF SAID OFFICIAL RECORDS, PAGE 265, SOUTH 34° 49' 30" EAST 341 72 FEET TO SAID LINE DRAWN PARALLEL WITH THE

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

SOUTHEASTERN LINE OF THE 17 64 ACRE PARCEL, THENCE ALONG SAID PARALLEL LINE
SOUTH 46° 15' WEST 324 78 FEET TO THE ACTUAL POINT OF COMMENCEMENT

APN   417-0260-004 (Affects Parcel One) and
        417-0270-009 (Affects Parcel Two)

# EXHIBIT 3

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

# Section I

# Hayward 土地开发增资协议书

## February 8, 2017

这份协议书是 HL Fairview LLC. (Lixin Li, A 方) 与吴芳芳 (FangFang Wu, B 方) 之间关于 Hayward, California 土地购买和整体土地划分审批项目的增资协议. Hayward 的土地分为 "up-hill" 土地 (预计可建房屋 15 栋) 和 "down-hill" 土地 (24830 Fairview Ave, Hayward CA 94542, 预计可建房屋 12 栋). A 方现已拥有 "up-hill" 土地, 并处在以 $2,000,000 的资金购买 "down-hill" 土地的交易过程中. B 方将参与 "down-hill" 的土地购买以及整体的 Hayward 土地划分审批的投资. 现双方协议条款如下:

**条款一**: 经 A 方同意, 在购买 "down-hill" 土地成交之前或当日, B 方共支付与 HL Fairview LLC. A 方 $1,000,000 做为购买 "down-hill" 土地所需的资金.

**条款二**: 根据 1 月 3 号 2016 年和 1 月 29 号 2016 年的协商 (协商地: 2015 Valley Oak Road, Pleasanton, CA 94588), 双方同意 "up-hill" 的土地做价为 $3,000,000 与 "down-hill" 价值为 $2,000,000 的土地在 HL Fairview LLC. 名下合并, 以此两块土地成为一个整体项目, 共同完成土地划分审批的开发. 在 B 方 $1,000,000 总投资兑现之后, A 方将持有 HL Fairview LLC. 80%的股份, B 方将持有 HL Fairview LLC. 20%的股份.

**条款三**: 净收益计算方法: HL Fairview LLC. 总收益减去$5,000,000 和所有自 10 月 27 号 2016 年以后的有关整体土地划分审批的费用. HL Fairview LLC. 所获得的净收益也将按照双方 HL Fairview LLC. 股份持有的比例分配.

**条款四**. B 方已于 10 月 27 号 2016 年, 将 $400,000 注入 Sea Palm LLC. (LiXin Li 拥有) 做为 HL Fairview LLC. 用于土地购买的第一笔投资. 迄今为止, 这笔投资已用于土地购买和整体土地划分审批项目的部份费用.

Case: 25-04049    Doc# 9-1    Filed: 01/06/26    Entered: 01/06/26 18:27:30    Page 59 of 85

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

**条款五**：B 方承诺，在 "house-flipling" 项目 (1683 Paseo Del cajon, Pleasanton, CA 94566) 结束之时，将 $400,000 吴芳芳于 10 月 27 号 2016 年已注入 Sea Palm LLC. 的资金(做为"house-flipIing"项目的投资) 转入 HL Fairview LLC. 做为第二笔土地购买的投资.

**条款六**：B 方承诺，在购买交易成交之前或当日，将再注入$200,000，以此完成对 HL Fairview LLC. $1,000,000 的全部投资承诺.

**条款七**：自 10 月 27 号 2016 年以后的所有有关整体土地划分审批的费用，匀由双方按照持有股份比例分摊: A 方 80%, B 方 20%. 费用包括: 土地成交 (closing cost); 土地地质报告(RJA); 环保报告(EIR); 土地设计规划; 城市审批申请; 律师报酬; 经纪人报酬; 办公室租金; 助理报酬; 土地周边学校; 土地周边消防; 土地城市警察费用, 以及所有其他未曾预测的与土地划分审批相关的费用.

**条款八**：A 方承诺努力保持土地划分审批费用的账目明细，并保存好所有费用的记录. B 方承诺预付$20,000 与 HL Fairview LLC. 作为部份费用. 并从即日起, 如果有任何相关费用产生, B 方将每月或随时按股份比例规定支付与 HL Fairview LLC. 所需费用.

**条款九**：持有 HL Fairview LLC. 80%股份 A 方，具有全部有关整体土地开发和后续屋建项目重要事宜决策的决定权. 持有 20%股份 B 方承诺 不参予任何相关的管理和决策.

**条款十**：双方如有任何一方遇到任何的事宜，重要决定 和 政策变更，而此任何一项将影响 HL Fairview LLC. 内部股份比例分配. 双方将通过起草 "付录(Addendum)"经双方同意达成新的协议.

Case: 25-04049    Doc# 9-1    Filed: 01/06/26    Entered: 01/06/26 18:27:30    Page 60 of 85

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

## Section II Translation
## Hayward Land Development Capital Increase Agreement
## February 8, 2017

This document is an agreement between HL Fairview LLC. (LiXin Li, Side A) and Fang Fang Wu (Side B) regarding the capital raise of the land purchase as well as the division of approval for the land, Hayward, California. Hayward land is divided into two portions: "up-hill" land (15-single houses of capacity expected) and "down-hill" land (24830 Fairview Ave. Hayward, CA 94542, 12-single houses of capacity expected). HL Fairview LLC possesses the "up-hill" land and currently also in the process of purchasing the "down-hill" land with capital of $2,000,000. Side B will participate the investment of purchasing the "down-hill" land and the division of approval for the two- portion combined land. The both sides have agreed the following provisions:

**Provision 1:** Side A. has agreed that Side B will totally invest or provide $1,000,000 to HL Fairview LLC. as the part of the capital to purchase the "down hill" land.

**Provision 2:** Based on the discussions of the meetings on Jan. 3, 2016 and Jan. 29, 2016(meeting sites: 2015 Valley Oak Road, Pleasanton, CA 94588), both sides have reached the agreements: a. The market value of the "up-hill" land has reached $3,000,000; b. Under HL Fairview LLC., the "up-hill" land is combined with "down-hill" land (the market value is $2,000,000) as a whole to continue the division of the approval; c. After the completion of total $1,000,000 investment from Side B, HL Side A will hold 80% of the shares of HL Fairview LLC. and Side B will hold 20%.

**Provision 3:** Net profit calculation: The total revenue from HL Fairview LLC. minuses $5,000,000 plus the total costs of the division of approval since Oct. 27, 2016. The net profits from the operation of HL Fairview LLC. will be distributed according to the shareholding ratio within HL Fairview LLC..

**Provision 4:** Side B had transferred $400,000 on Oct. 27, 2016 to Seapalm LLC. (owned by LiXin Li). This $400,000 was the first portion of side B's investment for HL Fairview LLC. to purchase the "down-hill" land. Since Oct. 27, 2016, this $400,000 has been using for the costs of purchasing land and the division of approval.

**Provision 5:** In the end of "house-flipping" project (1683 Paseo Del Cajon, Pleasanton, CA 94566), Side B agrees that $400,000, which had been transferred to Seapalm LLC as the capital of "house-flipping" project on Oct. 27, 2016, will be transferred to HL Fairview LLC., as the second portion of Side B's investment for purchasing the land.

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 61 of 85

DocuSign Envelope ID: C6538B58-A883-47B3-BB9F-A43C58385958

Hayward 土地开发增资协议书 (Hayward Land Development Capital Increase Agreement)

**Provision 6:** Prior or on the day of the completion of the land purchasing, Side B promises that $200,000 will be transferred to HL Fairview LLC. to complete the total investment of $1,000,0000.

**Provision 7:** The total costs of the division of approval since Oct. 27, 2016 will be distributed to both sides based on the shareholding ratio between two sides: 80% for side A and 20% for side B. The cost includes: Closing cost; RJA report; ERI report; Architect planning; Application fee to city; Lawyer payment; Broker payment; Office rental; Assistant payment; School payment; Fire protection payment; City police payment as well as all the unexpected costs of the land division of approval.

**Provision 8:** Side A agrees to collect and well keep the records for all the costs of the land division of approval. Side B agrees to pay $20,000 to HL Fairview LLC. for the part of the cost. In each month or in time, side B will pay HL Fairview LLC. the occurring cost based on the  shareholding ratio

**Provision 9:** Side A with HL Fairview LLC 80% shareholding possesses the power and the right to make the decisions on all the related issues and polices during the process of the land development as well as the following house constructions and etc.. Side B with 20% shareholding will not participate the operations and all the decision-making.

**Provision 10:** As moving forward, any one side of both sides may encounter related issue(s), critical decision(s) as well as important police change(s). If any one of the issue, decision and police change will affect the shareholding ratio within HL Fairview LLC., an "Addendum" will be generated by both sides to modify or reach the new agreement(s).

A 方: Lixin Li

HL Fairview LLC.

43731 Boswell Road

Fremont, CA 94538

Date 2/8/2017

Name LIXIN LI

Signature

B 方: Fang Fang Wu

1036 McCauley road

Danville CA 94526

Date 2/8/2017

Name Fang Fang Wu

Signature

Case: 25-04049    Doc# 9-1    Filed: 01/06/26    Entered: 01/06/26 18:27:30    Page 62 of 85

I, Woody Wu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1754 Technology Drive., Suite 122, San Jose, CA 95110. On the date below, I served the within documents:

- **FIRST AMENDED VERIFIED COMPLAINT**

On the party (ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

☐ **(By US Mail)** I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope, with postage fully pre-paid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed on the attached Service List.

☐ **(By Overnight Delivery)** I enclosed the listed documents in an envelope or package provided by carrier and addressed to the person(s) listed on the attached service. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **(By Electronic Service)** based on an agreement of the parties to accept service by electronic transmission. I caused the documents to be sent to the person(s) at the electronic notification addresses listed on attached service list, I did not receive within a reasonable time after the transmission and electronic message or other indication that the transmission was unsuccessful.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed in San Jose, California on **April 4, 2023.**

**Woody Wu**

SERVICE LIST

Andy Liu                                              **Attorneys for Defendants**
Jingyi Guo
1660 S. Amphlett Blvd Suite 315
San Mateo, CA, 94402
Tel: 650-475-6289
andy.liu@aptumlaw.us
jingyi.guo@aptumlaw.us

# EXHIBIT B

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

Zheng "Andy" Liu (S.B.# 279327)
Jingyi Guo (S.B.# 335448)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendants*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/13/2023 at 10:12:36 PM**
By: Xian-xii Bowie,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

FANGFANG WU,

        Plaintiff,

    v.

YINGLIAN HU, et al.

        Defendants.

Case No. 23CV027935

**DEFENDANTS' VERIFIED ANSWER TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT**

    Defendants Yinglian Hu, Lixin Li, HL Fairview LLC, and Sea Palm, LLC (collectively, "Defendants") answer to Plaintiff Fangfang Wu ("Plaintiff")'s First Amended Verified Complaint ("FAC") as follows:

    1.    Responding to paragraph 1, Defendants deny each and every allegation contained in the said paragraph.

    2.    Responding to paragraph 2, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraph.

    3.    Responding to paragraph 3, Defendants only admits that Hu resides in Alameda County,

1

Case: 25-04049   Doc# 9-1   Filed: 01/06/26   Entered: 01/06/26 18:27:30   Page 67 of 85

California; Defendants deny the remainder of the allegations in said paragraph.

4.      Responding to paragraph 4, Defendants deny each and every allegation contained in the said paragraph.

5.      Responding to paragraph 5, Defendants admit the allegations.

6.      Responding to paragraphs 6 and 7, Defendants deny each and every allegation contained in the said paragraphs.

7.      Responding to paragraph 8, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraph.

8.      Paragraph 9 does not contain any material factual allegations.

9.      Paragraph 10 sets forth legal conclusions and questions of law to which no response is required.

10.     Paragraph 11 sets forth legal conclusions and questions of law to which no response is required.

11.     Paragraph 12 does not contain any material factual allegations.

12.     Paragraph 13 sets forth legal conclusions and questions of law to which no response is required.

13.     Paragraph 12 does not contain any material factual allegations.

14.     Responding to paragraph 15, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraph.

15.     Responding to paragraph 16, Defendants deny each and every allegation contained in the said paragraph.

16.     Paragraph 17 sets forth legal conclusions and questions of law to which no response is required.

17.     Paragraph 18 sets forth legal conclusions and questions of law to which no response is required.

18.     Paragraph 19 sets forth legal conclusions and questions of law to which no response is

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

required.

19.     Paragraph 20 does not contain any material factual allegations.

20.     Responding to paragraph 21, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraph.

21.     Responding to paragraphs 22, 23, 24 and 25, Defendants deny each and every allegation contained in the said paragraphs.

22.     Responding to paragraph 26, Defendants only admits that the assessor's parcel numbers for the land located at 24830 Fairview Avenue, Hayward, CA are 417-0270-006 and 417-0270-003; Defendants deny the remainder of the allegations in said paragraph.

23.     Responding to paragraph 27, Defendants only admits that the assessor's parcel numbers for the land located at 000 Fairview Avenue, Hayward, CA are 417-0270-009 and 417-0270-004; Defendants deny the remainder of the allegations in said paragraph.

24.     Responding to paragraph 28, Defendants deny each and every allegation contained in the said paragraph.

25.     Responding to paragraph 29, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraph.

26.     Responding to paragraphs 30, 31, 32, 33, 34, 35,  36, 37, 38, 39 and 40, Defendants deny each and every allegation contained in the said paragraphs.

27.     Responding to paragraph 41, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraph.

28.     Responding to paragraphs 42, 43, 44, and 45, Defendants deny each and every allegation contained in the said paragraphs.

29.     Responding to paragraphs 46 and 47, Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, on that basis, deny each and every allegation contained in said paragraphs.

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

30.     Responding to paragraphs 48 and 49, Defendants deny each and every allegation contained in the said paragraphs.

31.     Paragraph 50 does not contain any material factual allegations.

32.     Responding to paragraphs 51, 52, 53, 54, 55 and 56, Defendants deny each and every allegation contained in the said paragraphs.

33.     Paragraph 57 does not contain any material factual allegations.

34.     Responding to paragraphs 58, 59 and 60, Defendants deny each and every allegation contained in the said paragraphs.

35.     Paragraph 61 does not contain any material factual allegations.

36.     Responding to paragraphs 62, 63, 64, 65 and 66, Defendants deny each and every allegation contained in the said paragraphs.

37.     Paragraph 67 does not contain any material factual allegations.

38.     Responding to paragraphs 68 and 69, Defendants deny each and every allegation contained in the said paragraphs.

39.     Paragraphs 70 and 71 do not contain any material factual allegations.

40.     Responding to paragraphs 72 and 73, Defendants deny each and every allegation contained in the said paragraphs.

41.     Paragraph 74 does not contain any material factual allegations.

42.     Responding to paragraph 75, Defendants deny each and every allegation contained in the said paragraph.

43.     Paragraph 76 does not contain any material factual allegations.

44.     Responding to paragraph 77, Defendants deny each and every allegation contained in the said paragraph.

45.     Responding to paragraph 78, Defendants only admits that HL Fairview LLC is the sole legal owner of the Up-hill and Down-hill parcels; Defendants deny the remainder of the allegations in said paragraph.

46.     Paragraph 79 does not contain any material factual allegations.

///

4

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that the FAC, and each purported cause of action thereof, fails to state a claim against Defendants and fails to state facts sufficient to constitute a cause of action against Defendants. Accordingly, the FAC and the causes of action asserted therein should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages, if Any)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs have failed to mitigate its damages, if any, which allegedly arose out of the subject of the FAC and each and every cause of action thereto.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Utilize Due-Diligence)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs have failed to utilize due-diligence to uncover Defendants' misdeeds, if any, sooner. Therefore, Plaintiffs' damages allegedly sustained, if any, were proximately caused by Plaintiffs' own failure and bars Plaintiffs' recovery or proportionately reduces any potential recovery.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred by Statute of Limitations.

///

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Apportionment of Damages)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs are in some manner legally responsible, in whole or in part, for the events, occurrences, acts or omissions, if any there were, giving rise to the claims as stated in the FAC and therefore, the liability of Defendants should be assessed only in proportion to its percentage of fault, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjustifiable Reliance)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' causes of action based on reliance are barred in that there was no reliance, nor any justifiable reliance, by Plaintiffs upon the alleged representations of Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damages Sought are Unreasonable)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' request for damages, if any there were, giving rise to the claims as stated in the FAC: are unreasonable and cannot be justified. Further, any damages sought by Plaintiffs are barred in whole or in part by Plaintiffs' failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs comes to this Honorable Court with unclean hands; therefore, Plaintiffs should not be entitled to any equitable relief.

///

///

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred by Plaintiffs' own conduct, actions and inactions, which constitute of a waiver of any right Plaintiffs may have had with regard to the matters alleged in the FAC.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred by the doctrine of estoppel, by reason of Plaintiffs' own acts, omissions, representations, course of action, or those of his agents, employees or representatives, upon which Defendants relied to his detriment.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if it was granted any damages against Defendants.

///

///

///

///

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Setoff)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Plaintiffs' damages, if any, are subject to setoff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Duty)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Defendants owed no legal duty, imposed by statute, contract, or otherwise, to Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Plaintiffs authorized, consented to, ratified and/or had knowledge of the acts of Defendants as alleged in the FAC, and, therefore, Plaintiffs may not complain thereof.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Justification)**

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Defendants was justified in doing any and/or all of the acts alleged in the FAC.

///

///

///

///

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Defendants had no knowledge of or reasonable grounds to believe in the existence of the matters alleged in the FAC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Prevention or Excuse)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because the performance of Defendants' duties, if any, were excused or prevented.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants at the time he so acted.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Damages)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs have not suffered any damages as a result of any actions taken by Defendants, and Plaintiffs are, therefore, barred from asserting any cause of action against Defendants, or, if any damages were suffered, they were not as extensive as alleged by Plaintiffs.

///

///

///

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs were careless and negligent in and about the matters alleged in the FAC, said carelessness and said negligence on Plaintiffs' own part proximately contributed to the happening of the incidents, injuries, losses and damages complained of, if there were any, and said negligence on the part of Plaintiffs shall diminish his recovery herein, if any, in direct proportion to the extent of such negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Pleading Uncertain)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that the FAC, and each purported claim for relief alleged therein, is uncertain in that it, inter alia, fails to state with reasonable particularity: (1) the alleged wrongful acts or omissions on the part of Defendants; or (2) facts sufficient to allege damage or injury to Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Authorization)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because the conduct complained of was authorized by, among other things, applicable law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Privilege)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims are barred because Defendants were privileged in doing all of the acts alleged in the FAC.

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Not Responsible for Other's Actions)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Defendants are not legally responsible for the actions or inactions of joint, or of any other third party.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that each of the purported causes of action or parts of those causes of action, fails because Plaintiffs acted in bad faith or uncooperatively.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs' claims against Defendants are barred because Plaintiffs' damages, if any, were not caused by Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Application of Business Judgment Rule)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that FAC's claims are barred because Defendants' alleged decisions, acts, statements, and/or omissions complained of in the FAC are protected by the Business Judgment Rule.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Superseding Act)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that FAC's claims are barred because to the extent FAC has incurred, suffered, or sustained any damages, which Defendants deny, any act, conduct, or omission, if any, on

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

the part of Defendants, was neither a substantial factor in bringing about, nor a contributing cause, in law or in fact, of such damages. Instead, any act, conduct, or omission, if any, on the part of Defendants was superseded by the acts, conduct, or omissions of FAC or persons or entities other than Defendants, which were the independent, intervening, and proximate cause of any damages incurred, suffered, or sustained by FAC, if any.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Mistake)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that FAC's claims are barred because of the doctrines of Mistake of Fact and Mistake of Law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Assumption of Risk)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that if Plaintiffs suffered or sustained any loss, damage, or injury at or about the time and place alleged in the FAC, although such is not admitted hereby or herein, the same was a direct and proximate result of a risk(s) resulting from decisions made by and knowingly assumed by Plaintiffs.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Capacity to Sue)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Plaintiffs lack the capacity to sue.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Right to Indemnity)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that if it should be found that Defendants are liable under the allegations

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

contained in the FAC, then Defendants are entitled to indemnity from Plaintiffs for their negligence, unlawful, and tortious conduct, if any, was active, primary, and affirmative, and the conduct of Defendants, if any, was passive, secondary and derivative only.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Fraud, Deceit, and Misrepresentation)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that each of the purported causes of action or parts of those causes of action in the FAC, fails because Plaintiffs committed fraud, deceit, and/or misrepresentation.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that FAC's claims are barred, in whole or in part, because of the doctrine of Statute of Frauds.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Duress)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that there was no contract because their consents were given under duress.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that that Plaintiffs' claims are barred because of Plaintiffs' failure to perform their obligations and/or duties.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Consideration)

13

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that there was no contract because of lack of consideration.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that that FAC's claims are barred, in whole or in part, because of the doctrine of Accord and Satisfaction.

## FOURTIETH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that FAC's claims are barred, in whole or in part, because of the destruction of the value of performance wholly outside the contemplation of the parties.

## FOURTY-FIRST AFFIRMATIVE DEFENSE

### (Illegality)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Defendants' performance, if any, is illegal to perform; thus, Defendants should be excused from further performance.

## FOURTY-SECOND AFFIRMATIVE DEFENSE

### (Impossibility)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Defendants' duties, if any, are impossible to perform; thus, Defendants should be excused from further performance.

## FOURTY-THIRD AFFIRMATIVE DEFENSE

### (Impracticability)

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that Defendants' performance, if any, are excused due to unnecessary or unreasonable difficulty or expense.

## FOURTY-FOURTH AFFIRMATIVE DEFENSE
### (Novation)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that that FAC's claims are barred, in whole or in part, because of the doctrine of Novation.

## FOURTY-FIFTH AFFIRMATIVE DEFENSE
### (Force Majeure)

As a separate an affirmative defense to the FAC, and to each purported cause of action thereof, Defendants submit that that FAC's claims are barred, in whole or in part, because of the doctrine of Force Majeure.

## RESERVATION OF RIGHT TO SUPPLEMENT OR AMEND

Defendants reserve the right to assert additional defenses, modify existing defenses, assert any counterclaims, and/or modify any answers as a result of discovery and/or further analysis or elucidation of Plaintiffs' position and allegations.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief and judgment as follows:

1.    That the Court deny Plaintiffs' prayer for relief in its entirety and that the Court enter judgment in Defendants' favor;

2.    That the Court award Defendants their costs and expenses incurred in this action and attorneys' fees as permitted by law, plus interest; and

3.    That the Court award Defendants such other and further relief that it deems appropriate.

**DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

Dated: September 13, 2023

_____
Zheng Liu
*Attorneys for Defendants*

16

DocuSign Envelope ID: 50C899AA-A517-487C-9B28-1674F92E2616

**VERIFICATION**

I am the Defendant in the above-entitled matter. I have read the foregoing pleading —

**Defendants' Verified Answer to Plaintiff's First Amended Complaint** and know the content

thereof. The matter stated in the foregoing pleading are true of my own knowledge, except as to

those matters which are stated on information and belief, and as to those matters, I believe them

to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Dated: 9/13/2023

DocuSigned by:

Lixin Li
E166E00DE4704CE

Lixin Li

17

**PROOF OF SERVICE**

    I am a registered California process server. I am registered and employed in the County of San Mateo, State of California. My registration number is #563. I am over the age of 18 years and not a party to the within action; my business address is: 1660 South Amphlett Blvd. Suite 315, San Mateo, CA 94402. My electronic service address is hkoscarlam@gmail.com.

    On December 18, 2025 , I served the foregoing document:

**NOTICE OF FILING OF NOTICE OF REMOVAL**

on all interested parties in this action by placing a true copy thereof addressed as follows:

Virginia Liu (CA-312465)
SKYWHEEL LAW APC
660 Newport Center Drive
Newport Beach, CA 92660
(626) 244-9070
info@skywheellaw.com
*Attorney for Plaintiff Fang Fang Wu*

**[ ] BY MAIL:** I deposited such envelope in the mail at San Mateo, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, all mail is deposited with the U.S. Postal Service on the same day with postage thereon, fully prepaid at San Jose, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postage meter date is more than one day after date of deposit for mailing in the affidavit.

**[ ] BY PERSONAL SERVICE**: I caused a true and correct copy thereof enclosed in a sealed envelope to be delivered by hand to the above-named addressee(s).

**[X] BY ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to accept service by electronic transmission, I caused said document(s) to be sent to the person(s) at the e-mail address(es) listed in the service list. I did not receive, within a reasonable time

after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ] BY OVERNIGHT COURIER:** I placed the FedEx package for overnight delivery in a box or location regularly maintained by FedEx at my office or I delivered the package to an authorized courier or driver authorized by FedEx to receive documents. The package was placed in a sealed envelope or package designated by FedEx with deliver fees paid or provided for, addressed as follows:

**[ ] BY FACSIMILE TRANSMISSION:** I caused the above-referenced document to be transmitted to the person(s) set forth in the attached service list, at the facsimile number(s) set forth thereto. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

**[X] (State)** I declare under penalty of perjury, pursuant to the laws of the State of California, that the above is true and correct.

**[ ] (Federal)** I declare under penalty of perjury, pursuant to the laws of the United States, that the above is true and correct.

Executed on December 18, 2025.

By:_____

Oscar Lam